UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig <br> "Deepwater Horizon" in the Gulf <br> of Mexico, on April 20, 2010 <br> <br> Applies to: *All Cases* | * <br> * <br> * <br> * <br> * <br> * <br> * | MDL No. 2179; CA 10-2771 <br> <br> SECTION: J <br> <br> JUDGE BARBIER <br> <br> MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

<u>PRE-TRIAL ORDER NO. 25</u>

**[Clarifying the Pleading Bundles, Responsive Pleadings, and the Master Complaints]**

At the suggestion and stipulation of Plaintiffs, by and through Plaintiffs' Liaison Counsel and the Plaintiffs Steering Committee, and of Defendants, by and through Defense Liaison Counsel,[1] in order to clarify Case Management Order No. 1 [PTO No. 11], and to facilitate the efficient and effective management and prosecution of the coordinated actions herein:

**IT IS ORDERED** that the scope and effect of the "B1" BUNDLE MASTER COMPLAINT [Doc 879], the "B3" BUNDLE MASTER COMPLAINT [Doc 881], and the "D1" BUNDLE MASTER COMPLAINT [Doc 880], (collectively referred to herein as "Master Complaints"), are hereby clarified as follows:

---

[1] The Court notes that Defendant Nalco objects to paragraph 4 of this Pre-Trial Order.

1

**1.** Pleading Bundle B3, as described in Section III(B) of CMO No. 1 [PTO 11], is clarified as follows: "**Clean-Up, Medical Monitoring, and Post-April 20 Personal Injury Claims.** This pleading bundle will include all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010. The Pleading Bundles described in the CMO and further herein have been created for administrative purposes, and a plaintiff is accordingly permitted to assert claims within both Pleading Bundle B1 and Pleading Bundle B3 without being deemed to have "split" his or her cause of action.

**2.** For the purpose of clarifying the defendants' obligations to provide responsive pleadings under the CMO, the cases identified in EXHIBIT 1 shall be deemed to comprise all cases currently pending in the MDL that fall within Pleading Bundle A as defined in PTO No. 11, and the cases identified in EXHIBIT 2 shall be deemed to comprise all cases currently pending in the MDL that fall within Pleading Bundle C as defined in PTO No. 11.

**3**. Any case currently pending in the MDL that does not fall within Pleading Bundles A or C is deemed to fall within one or more of the following: Pleading Bundle B1, Pleading Bundle B3, and/or Pleading Bundle D1, as may be applicable.

**4.** Any individual plaintiff who is a named plaintiff in a case that falls within Pleading Bundle B1, B3, D1, or D2, or any combination thereof, is deemed to be a plaintiff in the applicable Master Complaint(s). Plaintiffs Liaison Counsel shall provide to Defense Liaison

Counsel a list of plaintiffs included in these bundles within a time period to be agreed to between Liaison Counsel.

**5.** For the procedural and administrative purpose of answering or otherwise responding to the complaints in Pleading Bundles B1, B3 and D1, (and subject to the provisions of Paragraph 8), as to any Defendant named in one or more Master Complaint(s), the allegations, claims, theories of recovery and/or prayers for relief contained within the pre-existing petition or complaint are deemed to be amended, restated, and superseded by the allegations, claims, theories of recovery, and/or prayers for relief in the respective Master Complaint(s) in which the Defendant is named that apply to the pre-existing petition or complaint.

**6.** Subject to the provisions of Paragraph 8, any plaintiff-specific allegations or lack thereof in an individual petition or complaint covered by a Master Complaint - such as allegations concerning a plaintiff's domicile and/or residence, whether plaintiff filed an OPA claim with BP and/or the Gulf Coast Claims Facility, the location and type of real or movable property at issue, plaintiff's occupation or type of business and allegations of damages and/or injuries, if any, as asserted by that plaintiff in his individual petition or complaint - may be cited for illustrative purposes by any defendant in any motion to dismiss the relevant Master Complaint.

**7.** As to those cases which are allocated to Pleading Bundle A or C, the 30 day deadline for any defendant to file any responsive pleadings will not begin to run until the later of (a) the date such complaint or petition is served upon a defendant or (b) the date classification of such

complaint into its appropriate pleading bundle(s) occurs. Nothing in this paragraph shall preclude the parties from seeking the Court's approval to extend the 30 day deadline for a defendant to file a responsive pleading to any case which is allocated to Pleading Bundle A or C.

**8.** All individual petitions or complaints that fall within Pleading Bundles B1, B3, D1, or D2, whether pre-existing or filed hereafter, are stayed until further order of the Court.

**9**. Whether through counsel or *pro se*, any individual or entity who heretofore has not filed a complaint, petition or claim in limitation arising out of the Deepwater Horizon oil spill and who desires to bring a claim in Limitation [No. 10-2771] and/or assert a cause of action subject to one or more of the Master Complaints, [Doc 879 and/or 881], may do so by filing directly into Civil Action No. 10-8888 the form reflected in EXHIBIT 3 ["short form"] or other form prepared and supplied by the Plaintiffs' Steering Committee and approved by the Court. The filing of a short form in Civil Action No. 10-8888 shall be deemed to be a simultaneous filing of an answer and claim in Civil Action No. 10-2771 and an intervention into one or more of the Master Complaints [Doc 879 and/or 881] in Civil Action No. 10-md-2179. The filing of short form joinders shall be fully subject to the provisions of PTO No. 20, addressing Direct Filing.

**10**. Subject to the provisions of Paragraph 15 and the Direct Filing Order [PTO No. 20], the filing of the Master Complaints shall *not* waive any contentions relating to venue, jurisdiction, or choice of law, all of which are specifically preserved.

**11**. The filing of the Master Complaints shall *not* be deemed to waive or supersede requests for the certification of one or more class actions (and/or sub-classes) under Rule 23,

(which proceedings are currently stayed pursuant to Paragraph VII of CMO No.1 [PTO No. 11]), *except* to the extent that such proposed class definitions and/or allegations are covered in one or more of the Master Complaints, which are hereby deemed to be the operative complaints with respect to same.

12. Defendants who have been properly served with the applicable Master Complaint(s) or have agreed to accept or waive such service of process shall have 30 days from the date of this Order to file any responsive pleadings referenced in Paragraph IV(B) of CMO No. 1 [PTO No. 11]. Likewise, Defendants who have been properly served with any Bundle A individual complaint listed on Exhibit 1 shall have 30 days from the date of this Order to file any responsive pleadings referenced in Paragraph IV(B) of CMO No. 1 [PTO No. 11]. Defendants who have not been properly served with the applicable Master Complaint(s) and who have not agreed to accept or waive such service of process shall have 30 days from the date of proper service to file any responsive pleadings referenced in Paragraph IVB of the CMO. Consistent with the CMO, Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6), or 12(c) motions shall be filed within 30 days of the filing of said motion. Any Reply Briefs shall be filed within 30 days of the filing of any Memoranda in Opposition. The page limitation for responsive motions and oppositions to responsive motions shall be set at 50 pages, and the page limitation for replies to oppositions shall be set at 25 pages.

13. The proper service of any Master Complaint as to any Defendant named therein shall constitute service on behalf of all plaintiffs who are deemed to be plaintiffs in the respective Master Complaints as contemplated in Paragraph 4 of this Order.

14.  Plaintiffs in a pre-existing petition or complaint are not required to file a short form joinder but should they desire to adopt the short form joinder for the purposes of making a claim in the Limitation proceeding [No. 10-2771], they may file with the Court and serve upon counsel through LNFS a short form joinder consistent with the deadlines already established for the submission of claims in Limitation.

15.  In answering or otherwise responding to each Master Complaint, no defenses, objections, motions or exceptions for lack of jurisdiction, lack of presentment, mootness, lack of standing, or any other defense that may be specific or unique to any particular plaintiff shall be waived, and all such defenses, objections, motions and/or exceptions specific to any particular plaintiff shall be reserved.  In addition, any and all rights under the Hague Convention shall not be deemed to be waived by the entry of this Order, and are hereby preserved.

16.  With respect to any new petition or complaint that is filed in or transferred to MDL No. 2179, the old Plaintiff Fact Sheet [Doc 642-1] is hereby replaced with the Plaintiff Profile Form attached as EXHIBIT 4.  Consistent with the Order Regarding Plaintiff Profile Form [Doc 642], any plaintiff who does not file a short-form joinder [EXHIBIT 3] must serve *via* LNFS a completed Plaintiff Profile Form as reflected in EXHIBIT 4 within sixty (60) days of transfer to, removal to or filing in the Eastern District of Louisiana.  However, a plaintiff who files a short-form joinder does *not* have to also serve a PPF.

17.  The phrase 'substantially similar' as used in Paragraph 9 of this Order shall mean all of the data fields of the attached approved Short Form. That is, without further order of the Court, the Short Form can be refined in terms of paper or form size, type size, fonts, graphics, etc

(so long as it contains all the data fields approved in the attached) to make it clearer, more user-friendly, less expensive to mail or administer, etc.

18.  Paragraph 18 of the "B3" Bundle Master Complaint [Doc 881] is amended to delete the second sentence of the paragraph in its entirety, such that only the factual allegations of the B1 Master Complaint are incorporated into and made a part of the B3 Master Complaint, but not any causes of action.   Likewise, Paragraph 55 of the "D1" BUNDLE MASTER COMPLAINT [Doc 880] is clarified to mean that only the factual allegations of the B1 Master Complaint are incorporated into and made a part of the D1 Master Complaint, but not any causes of action.

19.  No provision of this Stipulated Order shall be construed to permit the assertion of any class actions or class claims as part of the Master Claim in Limitation [No. 10-2771] or otherwise as part of the Limitation Action [No. 10-2771].

New Orleans, Louisiana this 12th day of January, 2011.

_____
United States District Judge

# MDL 2179
# In Re: Oil Spill by Deepwater Horizon
# Pleading Bundle A Cases

*List comports with BP and Anadarko lists.*

| Plaintiff Last Name | Plaintiff First Name | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|---|
| Becnel | Melinda | *Melinda Becnel v. BP, PLC* | 2:10-cv-3066 | James C. Klick (Herman, Herman, Katz & Cotlar) |
| Benton | Oleander | *Oleander Benton v. Transocean, Ltd.* | 2:10-cv-4226 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Crawford | Douglas | *Douglas Crawford v. BP, PLC* | 2:10-cv-1540 | Gerald E. Meunier (Gainsburgh, Benjamin, David, Meunier & Warshauer) |
| Davis | Matthew | *Matthew Davis v. Cameron International Corporation* | 2:10-cv-3169 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Faulk | Shane | *Shane Faulk v. Transocean, Ltd.* | 2:10-cv-4227 | Anthony G. Buzbee (The Buzbee Law Firm) |
| John | Lance | *Lance John v. Transocean, Ltd.* | 2:10-cv-4229 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Johnson | Elton | *Elton Johnson v. BP, PLC* | 2:10-cv-1674 | Robert P. Wynne (Arnold & Itkin, LLP) |
| Jones | Michelle | *Michelle Jones v. Transocean, Ltd.* | 2:10-cv-1196 | John W. deGravelles (deGravelles, Palmintier, Holthaus & Fruge) |
| Jones | Brad | *Brad Jones v. Cameron International Corporation* | 2:10-cv-3184 | Anthony G. Buzbee (The Buzbee Law Firm) |
| Kleppinger | Tracy | *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc.* | 2:10-cv-3168 | Steve J. Gordon (Gordon, Elias & Seely) |
| Kritzer | Joshua | *Joshua Kritzer v. Transocean Offshore Deepwater Drilling, Inc.* | 2:10-cv-4427 | Kurt B. Arnold (Arnold & Itkin) |
| Lavergne | Carl | *Carl Lavergne v. Transocean, Ltd.* | 2:10-cv-4211 | David P. Bruchhaus (Mudd & Bruchhaus) |
| Morales | Heber | *Heber Morales v. BP Exploration and Production, Inc.* | 2:10-cv-4360 | Johnny N. Garza, Jr. (Abraham, Watkins, Nichols, Sorrels, Agosto & Friend) |

# MDL 2179
# In Re: Oil Spill by Deepwater Horizon
# Pleading Bundle A Cases

*List comports with BP and Anadarko lists.*

| Plaintiff Last Name | Plaintiff First Name | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|---|
| Murray | Chadwick | *Chadwick Murray v. Transocean, Ltd.* | 2:10-cv-2814 | George W. Healy, IV (George W. Healy & Associates) |
| Reed | Darrell | *Darrell Reed v. BP, PLC* | 2:10-cv-4252 | Soren E. Gisleson (Herman, Herman, Katz & Cotlar) |
| Rhodes | Karl | *Karl Rhodes v. Transocean Offshore Deepwater Drilling, Inc.* | 2:10-cv-1502 | Richard R. Kennedy |
| Roberts | Kenneth | *Kenneth Roberts v. BP, PLC* | 2:10-cv-3815 | David A. Hilleren (Hilleren & Hilleren) |
| Roshto | Shane | *Shane Roshto v. Transocean, Ltd.* | 2:10-cv-1156 | Scott R. Bickford (Martzell & Bickford) |
| Taquino | Kelli | *Kelli Taquino v. Transocean Holdings, LLC* | 2:10-cv-1921 | John H. Smith (McKernan Law Firm) |
| Williams | Michael | *Michael Williams v. Transocean, Ltd.* | 2:10-cv-1243 | Paul M. Sterbcow Lewis, Kullman, Sterbcos & Abramson) |

# MDL 2179
# In Re: Oil Spill by Deepwater Horizon
# Pleading Bundle C Cases

*\* List comports with BP, HESI and Anadarko lists.*

| Plaintiff(s) | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|
| City of Greenville, City of Evergreen, City of Georgiana, Town of McKenzie | *City of Greenville, City of Evergreen, City of Georgiana, Town of McKenzie v. BP, PLC* | 2:10-cv-4185 | Jere L. Beasley (Beasley, Allen, Crow, Methvin, Portis & Miles) |
| State of Alabama | *State of Alabama ex rel. Troy King, Attorney General v. BP, PLC* | 2:10-cv-4182 | Troy King (Alabama Attorney General) |
| State of Alabama | *State of Alabama ex rel. Troy King, Attorney General v. Transocean, Ltd.* | 2:10-cv-4183 | Troy King (Alabama Attorney General) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1757 | Camille A. Morvant, II (D.A., Parish of Lafourche) (Lafourche Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1758 | Stephen B. Murray (Murray Law Firm) (Plaquemines Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1759 | Victor L. Marcello (Talbot, Carmouche & Marcello) (Terrebone Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-1760 | Tom W. Thornhill (Thornhill Law Firm) (St. Tammany Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2087 | Peter J. Butler, Jr. (Breazeale, Sachse & Wilson) (St. Bernard Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2996 | Victor L. Marcello (Talbot, Carmouche & Marcello) (New Iberia Parish) |
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2997 | Victor L. Marcello (Talbot, Carmouche & Marcello) (St. Mary Parish) |
| State of Louisiana | *State of Louisiana v. Triton Asset Leasing GmBH* | 2:10-cv-3059 | James D. "Buddy" Caldwell (Louisiana Attorney General) |

# MDL 2179
# In Re: Oil Spill by Deepwater Horizon
# Pleading Bundle C Cases

*\* List comports with BP, HESI and Anadarko lists.*

| Plaintiff(s) | Case Caption | EDLA Docket | Filing Attorney |
|---|---|---|---|
| State of Louisiana | *State of Louisiana v. BP Exploration & Production, Inc.* | 2:10-cv-2731 | Leon Cannizzaro, Jr. (Orleans Parish) |
| State of Quintana Roo, Mexico | *State of Quintana Roo,Republic of Mexico v. BP, PLC* | 2:10-cv-4241 | Enrique G. Serna (Serna & Associates) |
| State of Tamaulipus, Mexico | *State of Tamaulipus, Republic of Mexico v. BP, PLC* | 2:10-cv-4240 | Enrique G. Serna (Serna & Associates) |
| State of Veracruz, Mexico | *State of Veracruz, Republic of Mexico v. BP, PLC* | 2:10-cv-4239 | Enrique G. Serna (Serna & Associates) |
| USA | *United States of America v. BP Exploration & Production, Inc.* | 2:10-cv-4536 | Jim Letten |
| USA | *United States of America v. Transocean Holdings, LLC* | 2:10-cv-4397 | Jim Letten |

# IN RE: OIL SPILL by "Deepwater Horizon"
# DIRECT FILING SHORT FORM[1]

**Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982**
**(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)**

MDL 2179                                SECTION: J                              JUDGE CARL BARBIER

| CLAIM IN LIMITATION--JOINDER IN MASTER ANSWER--INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE FORM |
|---|

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| | | | |

| Phone Number | E-Mail Address |
|---|---|
| | |
| **Address** | **City / State / Zip** |
| | |

| INDIVIDUAL CLAIM ☐ | BUSINESS CLAIM ☐ |
|---|---|
| Employer Name | Business Name |
| Job Title / Description | Type of Business |
| Address | Address |
| City / State / Zip | City / State / Zip |
| Last 4 digits of your Social Security Number | Last 4 digits of your Tax ID Number |

| Attorney Name | Firm Name |
|---|---|
| Address | City / State / Zip |
| Phone Number | E-Mail Address |

| Claim filed with BP?   YES ☐   NO ☐ | Claim Filed with GCCF?:   YES ☐   NO ☐ |
|---|---|
| If yes, BP Claim No.: | If yes, Claimant Identification No.: |

**Claim Type (Please check all that apply):**
- ☐ Damage or destruction to real or personal property
- ☐ Earnings/Profit Loss
- ☐ Personal Injury/Death
- ☐ Fear of Future Injury and/or Medical Monitoring
- ☐ Loss of Subsistence use of Natural Resources
- ☐ Removal and/or clean-up costs
- ☐ Other: _____

---

[1] This form should be filed with the U.S. District Court for the Eastern District of Louisiana in New Orleans, Louisiana in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

1

***The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.***

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

_____

_____

_____

_____

_____

_____

_____

2. For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

_____

_____

_____

_____

_____

_____

_____

3. For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

_____

_____

_____

_____

_____

_____

_____

**The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.**

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- ☐ 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- ☐ 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- ☐ 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- ☐ 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- ☐ 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- ☐ 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- ☐ 7 Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- ☐ 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- ☐ 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- ☐ 10. Person who utilizes natural resources for subsistence.
- ☐ 11. Other: _____

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

- ☐ 1. Boat captain or crew involved in the Vessels of Opportunity program.
- ☐ 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- ☐ 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- ☐ 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- ☐ 5. Resident who lives or works in close proximity to coastal waters.
- ☐ 6. Other: _____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_____
Claimant or Attorney Signature

_____
Print Name

_____
Date

3

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

# IN RE: OIL SPILL by "Deepwater Horizon"

**MDL 2179 and Civil Action No. 10-2771**  **SECTION: J**  **JUDGE CARL BARBIER**

## PLAINTIFF PROFILE FORM ["PPF"]

| Last Name | First Name | Middle/Maiden | Suffix |
|---|---|---|---|
| Phone Number | | E-Mail Address | |
| Address | | City / State / Zip | |

| **INDIVIDUAL CLAIM** ☐ | **BUSINESS CLAIM** ☐ |
|---|---|
| Employer Name | Business Name |
| Job Title / Description | Type of Business |
| Address | Address |
| City / State / Zip | City / State / Zip |
| Social Security Number | Tax ID Number |
| Attorney Name | Firm Name |
| Address | City / State / Zip |
| Phone Number | E-Mail Address |

| Claim filed with BP?  YES ☐  NO ☐ | Claim Filed with GCCF?:  YES ☐  NO ☐ |
|---|---|
| If yes, BP Claim No.: | If yes, Claimant Identification No.: |

**Claim Type (Please check all that apply):** ☐ Damage or destruction to real or personal property; ☐ Earnings/Profit Loss; ☐ Personal Injury/Death; ☐ Fear of Future Injury and/or Medical Monitoring; ☐ Loss of Subsistence use of Natural Resources; ☐ Removal and/or clean-up costs; ☐ Other _____

| Original Case Caption | Original Civil Action Number |
|---|---|
| Originating Court | EDLA Civil Action Number |

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

| | |
|---|---|
| ☐ Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering. | ☐ Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator. |
| ☐ Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof. | ☐ Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds. |
| ☐ Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico. | ☐ Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry. |
| ☐ Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof. | ☐ Bank, financial institution, or retail business that suffered losses as a result of the spill. |
| | ☐ Person who utilizes natural resources for subsistence. |
| ☐ Recreational sport fishermen, recreational diver, beachgoer, or recreational boater. | ☐ Other: _____ |

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

| | |
|---|---|
| ☐ Boat captain or crew involved in the Vessels of Opportunity program. | ☐ Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones. |
| ☐ Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants. | ☐ Resident who lives or works in close proximity to coastal waters. |
| ☐ Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities. | ☐ Other: _____ |

**Brief Description:**

For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

_____

_____

_____

_____

_____

_____

For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

_____

_____

_____

_____

_____

_____

For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

_____

_____

_____

_____

_____

_____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_____        _____
Claimant or Attorney Signature                                                           Date