# EXHIBIT C

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                MDL No. 2179

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the Southern District of Alabama action (*Johnson*) listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring her action to MDL No. 2179. BP defendants[1] oppose the motion to vacate.

The actions in this MDL share factual questions arising from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the resulting oil spill. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010). Like thousands of other plaintiffs in the MDL, plaintiff in *Johnson* alleges that she has suffered personal injuries as a result of exposure to oil and chemicals released during the oil spill and the cleanup efforts that followed.

Plaintiff nonetheless argues that, because the transferee court already has resolved the issue of defendants' liability for the spill, the only issues remaining in her case are individual—namely, whether exposure to oil or chemicals from the spill caused her injury and, if so, the extent of her damages. We are not persuaded by this argument. Personal injury actions in the MDL such as plaintiff's have been placed in what has been designated the "B3 Bundle." In a series of pretrial orders, the transferee court has established procedures for determining which of the remaining personal injury claims in the MDL have a sufficient evidentiary basis to proceed further and should be remanded, transferred, or assigned to a judge within the Eastern District of Louisiana for further proceedings. Those procedures require plaintiffs to provide basic information and documentation relating to the very issues of specific causation that plaintiff identifies as unique to her case.[2] While

---

[*] Judge Norton did not participate in the disposition of this matter.

[1] BP Exploration & Production Inc. and BP America Production Company.

[2] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, C.A. No. 2:10-md-2179, ECF No. 22295 (E.D. La. Feb. 22, 2017) (Pretrial Order No. 63); *id.*, ECF No. 24282 (E.D. La. Apr. 9, 2018) (Pretrial Order No. 66); *id.*, ECF No. 26070 (E.D. La. Oct. 21, 2019) (Pretrial Order No. 68). Actions brought by plaintiffs who fail to provide the required information are dismissed. *See, e.g., id.*, ECF No. 26663 (E.D. La. Sept. 8, 2020) (PTO 68 Compliance Order). Actions of plaintiffs who comply with these claim substantiation

(continued . . .)

most of the B3 cases in the MDL have completed that process, there remain a number of cases that have not. Until the transferee judge indicates that B3 cases no longer are required to complete this process, we see no reason to exempt plaintiff's action from complying with the pretrial orders applicable to all other B3 cases.

Plaintiff further argues that a February 2021 case management order indicates that the transferee judge did not intend that further B3 tag-alongs should be transferred to the MDL. That order, among other things, establishes procedures for the handling of "Future B3 Cases." As to such cases, the order states: "Any B3 case filed in this Court <u>after</u> the issuance of this CMO ('Future B3 Case') shall be consolidated with MDL 2179, and the plaintiff shall comply with the requirements of [Pretrial Order Nos. 63, 66, and 68] within 90 days of the date the Future B3 Case is filed."[3] Plaintiff contends that, since her action was not "filed in" the Eastern District of Louisiana, it is exempt from the process established for B3 actions filed in the MDL court and need not be transferred. But the case management order does not address the question whether B3 cases filed outside the transferee court should be transferred to the MDL or whether such cases are exempt from the B3 claim substantiation process. As such, it does not provide a ground to deny transfer.

Finally, plaintiff maintains that transfer of her action would be inefficient and would result in inconvenience and delay. Again, we are not persuaded. The procedures for B3 cases in the MDL were established as an efficient means of identifying those actions that warrant assignment to a trial court for further proceedings. And as we repeatedly have held, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g.*, *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Therefore, after considering the argument of counsel, we find that *Johnson* involves common questions of fact with actions transferred to MDL No. 2179, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiff's allegations of personal injury resulting from the Deepwater Horizon oil spill bring her action squarely within the ambit of the MDL. Thus, transfer is warranted for the reasons set out in our order directing centralization.

---

requirements are severed from the MDL and remanded, transferred, or assigned to a judge within the Eastern District of Louisiana for trial. *E.g.*, *id.*, ECF No. 26924, at 2, 7 (E.D. La. Feb. 23, 2021) (Case Management Order for the B3 Bundle).

[3] *See id.* (emphasis in original; footnote omitted).

- 3 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly          Dale A. Kimball
Roger T. Benitez             Madeline Cox Arleo
Nathaniel M. Gorton

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"**
**IN THE GULF OF MEXICO, ON APRIL 20, 2010**  MDL No. 2179

**SCHEDULE A**

<u>Southern District of Alabama</u>

21-2243 J(2)  JOHNSON v. BP AMERICA PRODUCTION COMPANY, ET AL., C.A. No. 1:21−00312