## ATTORNEY PARTICIPATION AGREEMENT

This Attorney Participation Agreement (Agreement) is made this 26th day of August, 2012, Downs Law Group, P.A. ("Downs") and Sterbcow Law Group/Melancon Rimes (jointly "Co-Counsel").

**1. DESCRIPTION OF SERVICES.** Co-Counsel agrees to provide certain professional services to Downs and certain clients of Downs that have claims in the action styled: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, Case No. MDL 2179 ("lawsuit"). The services to be provided by Co-Counsel shall be limited to the following:

A. The filing of objections on behalf of various potential class members in relation to the above described lawsuit. These objections shall be provided to Co-Counsel for filing with the E.D. of Louisiana by Downs prior to August 31, 2012 and Co-Counsel agrees to file these objections accordingly prior to this date upon receipt.

B. The filing of a motion for pro hac vice, a motion which will be provided by Downs, for the purposes of permitting Jeremy Friedman to appear in the E. D. of Louisiana on behalf of the various clients.

C. Appearing on behalf of the clients along with Downs at the Final Fairness Hearing on November 8, 2012. Co-Counsel, upon request by Downs with notice, may further be requested to assist in the presentation of the oral argument at such hearing in relation to the objections filed as stated above.

D. Appearing on behalf of the clients along with Downs at any subsequent Attorneys' Fee Hearing, upon request, and if applicable.

**2. COMPENSATION.** As Compensation for these services, Co-Counsel shall be entitled to receive a percentage of the recovery obtained by Downs Law Group, P.A. in the lawsuit described herein equivalent to the amount of 10%.

**3. ADDITIONAL SERVICES** In the event that Co-Counsel is requested to perform work in addition to that set forth in paragraph (1), the percentage set forth in paragraph (2) shall be adjusted accordingly to reflect the same. Co-Counsel is under no obligation, however, to perform any additional services but for that which is set forth above and reserves the right to decline request by Downs regarding the same.

**4. RELATIONSHIP OF PARTIES.** It is understood by the parties that Co-Counsel is an independent contractor with respect to the services being performed pursuant to this Agreement and is not an employee of Downs. Downs will not provide fringe benefits, including, but not limited to, health insurance benefits, paid vacation, or any other employee benefit for the benefit of Co-Counsel. Co-Counsel further understands that Co-Counsel is responsible for all payroll



EXHIBIT A

and/or self employment taxes incurred as a result of receiving any payments and/or compensation pursuant to this Agreement. Notwithstanding the foregoing, by executing this Agreement Co-Counsel agrees to act in the best interests of Downs at all times while performing work pursuant to this Agreement.

**5. WORK PRODUCT OWNERSHIP** Any ideas, discoveries, innovations, improvements, developments, methods, designs, analysis, drawings, reports, presentations, layouts, photographic illustrations and all similar or related information which relate to In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, which are conceived, developed or made by Co-Counsel at anytime arising out of the performance of this Agreement or thereafter as a result of work performed pursuant to this Agreement shall be regarded as having been made and held by Co-Counsel solely for the benefit of Downs and shall be the exclusive property of Downs . Upon request, Co-Counsel shall sign all documents necessary to confirm or perfect the exclusive ownership of Downs to the foregoing work product

**6. CONFIDENTIALITY.** Co-Counsel will not at any time or in any manner, either directly or indirectly, use for the personal benefit of Co-Counsel or divulge, disclose, or communicate in any manner to any third party any information that is confidential or proprietary of Downs or utilize confidential information for any purpose except in the normal course of the work performed pursuant to this Agreement. Co-Counsel agrees to protect such information and treat it as strictly confidential. This provision shall continue to be effective after the completion of all work and/or services performed by Co-Counsel. Upon completion of said work/services, Co-Counsel will return to Downs all confidential information in its possession. For purposes of this Agreement, Confidential information means knowledge, information and material to which is proprietary to Downs of which Co-Counsel obtains knowledge of as a result of work performed pursuant to this Agreement. Notwithstanding the foregoing, any information which is generally available or known to the public other than as a result of a breach of this provision shall not constitute confidential information for purposes of this Agreement.

**7. ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties, and there are no other promises or conditions in any other agreement whether oral or written.

**8. SEVERABILITY.** If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**9. GOVERNING LAW/JURISDICTION** This Agreement shall be governed by and interpreted under the laws applicable in the state of Florida. All parties to this Agreement, hereby submit to the jurisdiction of all courts located in Miami-Dade County, Florida with respect to any action or proceeding arising out of this Agreement and hereby waive any venue or other objection which it may have to any such action or proceeding being brought in any court located in Miami-Dade County, Florida.

10. **ATTORNEYS FEES** To the extent that it is necessary for any party to this Agreement to institute litigation to seek enforcement of the terms and conditions of same, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs including, but not limited to, any appellate attorney's fees and costs.

By: _[signature]_
Sterbcow Law Group ("Co-Counsel")

Name: MArx Sterbcow

Date: 8/26/12

By: _____
Melancon Rimes ("Co-Counsel")

Name: _____

Date: _____

By: _____
Downs Law Group ("Downs")

Name: _____

Date: _____