**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | Civil Action No. |
| "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | SECTION: J |
| THIS DOCUMENT RELATES TO: | JUDGE: CARL BARRBIER |
| 21-cv-02243 and Future B3 Cases | MAG JUDGE: CURRAULT |

## REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR CLARIFICATION OR CORRECTION OF THE B3 CASE MANAGEMENT ORDER

The Downs Law Group, P.A. ("**DLG**") as Counsel for Plaintiff Sonja Johnson ("**Johnson**") and other similarly situated B3 Plaintiffs, current and potential, hereby files this Reply to Defendants' Response in Opposition to Motion for Clarification or Correction of the B3 Case Management Order ("**Response**") and states as follows:

## INTRODUCTION

Defendants in their Response incorrectly allege that by filing the Motion for Clarification or Correction of the B3 Case Management Order ("**Motion**"), DLG is trying to avoid settled case management decisions of this Court and the judgement of the Judicial Panel on Multidistrict Litigation ("**JPML**"). On the contrary, a clarification and/or correction from this Court will benefit Johnson and other similarly situated current and potential B3 plaintiffs, Defendants and the JPML whose transfer order ("**Transfer Order**")[1] cites an absence of an indication or clarification or

---

[1] *See* Transfer Order, In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179 (J.P.M.L. filed December 7, 2021) (Doc. No. 2066).

guidance from this Court as to whether B3 cases filed in other jurisdictions are required to merge in the MDL docket and comply with this Court's Pre- Trial Orders. Further Defendants in their Response have failed to proffer any benefit by compelling Johnson, all other future B3 plaintiffs, and all non-class members who share common facts, with MDL 2179 with cases are filed outside this district to first merge in the MDL Court and comply with the Pre-Trial Orders and further preventing them from having their day in Court 'without delay' and in violation of their constitutional rights[2].  These B3 plaintiffs have either rejected the Medical Settlement Agreement ("**MSA**")[3] by opting out[4] from the class or like Johnson were excluded totally from the class definition; however, since the deadline for opting out from the class ended on November 1, 2012, a Clean-Up Worker[5] class member who did not timely opt-out will now have to follow the Back-End Litigation Option ("**BELO**") route to file a new lawsuit in accordance with the provisions of the MSA. For future B3 cases like Johnson who belong to the category of residents, Defendants typically produce no responsive documents because such B3 plaintiffs were not clean-up workers nor involved in response activities and simply refer these B3 plaintiffs to previously produced common documents[6] . The early disclosure process referred by Defendants benefits only them by receiving the advantage of responses to typical interrogatories, requests for production, multiple

---

[2] Ala. Const., Art. I, § 13 ("That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."); Fl. Const. Art. 1, §21 ("The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial, or delay."); La. Const. Art. 1, § 22 ("All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.").

[3] Deepwater Horizon *Medical Benefits Class Action Settlement Agreement*, *as Amended on May 1, 2012*, MDL  2179, Rec. Doc. 6427-1 (May 3, 2012).

[4] *See* Case 2:10-md- 02179 Rec Doc 7176 filed August 27, 2012.

[5] *See* MSA § II.Q.

[6] *See* BP's typical response to PTO 68 productions attached hereto as **Exhibit A.**

sworn statements outside the regular requirements of the Federal Rules of Civil Procedure and an opportunity to attempt dismissing cases for procedural defects rather than on merits. Further, unlike BELO cases, Defendants either do not timely file answers even after signing the waiver of service in accordance with Rule 4(d)(3) of the Federal Rules of Civil Procedure[7] or even if they do the answers remain merged in the main MDL docket and do not become a part of the individual case docket which is transferred to the other district courts upon completion of the Pre-Trial Orders[8]. Lastly Defendants allegation that DLG is seeking an admonition of the JPML by this Court is vague and absurd. Defendants fail to explain how a clarification from this Court on the future management of B3 cases filed outside this district will circumvent or usurp the role of JPML especially when JPML itself has cited to a lack of such indication from this Court in its Transfer Order.

## ARGUMENT

### I.   CLARIFICATION FROM THIS COURT IS NECESSARY FOR THE B3 CASES FILED OUTSIDE THIS DISTRICT.

On February 23, 2021, this Court issued a Case Management Order ("**EDLA B3 CMO**") and ordered that "Any B3 case filed in this Court <u>after</u> the issuance of this CMO ("**Future B3**

---

[7] *See* Duddy, et al. v. BP Expl. & Prod. Inc., et al., Case No. 2:21-cv-01456 (E.D. La.) (Waiver sent to BP  9/29/2021; answer was due on 11/29/2021); Bychurch v. BP Expl. & Prod. Inc., et al., Case No. 2:21-cv-01468 (E.D. La.) (Waiver sent to BP 9/14/2021; answer was due on 11/15/2021); Clark, et al. v. BP Expl. & Prod. Inc., et al., Case No. 2:21-cv-01732 (E.D. La.) (Waiver sent to BP 11/19/2021; answer was due on 1/18/2022); Avila, et al v. BP Expl. & Prod. Inc., et al., Case No. 2:21-cv-01736 (E.D. La.) (transferred to S.D. Tex. on 2/4/2022) (Waiver sent to BP 11/19/2021; answer was due on 1/18/2022); Brightbill, et al. v. BP Expl. & Prod. Inc., et al., Case No. 2:21-cv-01811 (E.D. La.) (Waiver sent to BP 11/29/2021; answer was due on 1/28/2022); Byrd, et al. v. BP Expl. & Prod. Inc., et al., Case No. 2:21-cv-02104 (E.D. La.) (Waiver sent to BP 12/13/2021; answer was due on 2/11/2022).

[8] *See* docket report for Avila, et al v. BP Expl. & Prod. Inc., et al., Case No. 4:22-cv-00394 (S.D.Tex), and Brightbill, et al. v. BP Expl. & Prod. Inc., et al., Case No. 1:22-cv-00063 (S.D. Ala.) attached hereto as **Exhibit B.** Transocean Defendants filed an answer in these cases in the main MDL docket (Case 2:10-md- 02179 Rec Doc 27317 filed January 19, 2022, and Case 2:10-md- 02179 Rec Doc 27318 filed January 26, 2022); however, these are not reflected in the docket reports upon transfer to the other districts.

**Case**") shall be consolidated with MDL 2179 . . ."[9]  Notably absent from this EDLA B3 CMO is instructions to file **all** cases with common issues of fact in Eastern District of Louisiana. Defendants in their Response acknowledge with regard to B3 cases filed in other jurisdictions the EDLA B3 CMO is appropriately *silent*[10]. This coupled with the fact that JPML in its Transfer Order also cited that the EDLA B3 CMO does not address whether B3 cases ***filed outside the transferee court*** should be transferred to the MDL or whether such cases are exempt from the B3 claim substantiation process[11] amplifies the need for a clarification and/or correction of the EDLA B3 CMO by this Court. Absence such clarification all B3 Plaintiffs filing their lawsuit outside this district will find themselves in a vicious cycle whereby Defendants will issue a standard potential notice of tag along for every such case that shares common facts with MDL - 2179 and JPML will transfer these cases to this district due to the absence of a clarification from this Court as to the future management of B3 cases filed outside this district[12].

After years of discovery and a three-month trial, this Court issued Phase One Findings of Fact.  Specifically, this Court found liability and apportionment for the *Deepwater Horizon* explosion and subsequent aftermath against BP, Transocean, and Halliburton ("**Oil Spill**").  *In re Oil Spill by the Oil Rig Deepwater Horizon*, 21 F.Supp.3d 657, 746-47 (E.D. La. 2014) (finding BP liable under general maritime law tort for the oil spill).  These findings of fact are no longer disputed and have not been challenged. BP's counsel represented to this Court: "on the question

---

[9] *See* 2/23/2021 "Case Management Order for the B3 Bundle", Rec. Doc. 26924, p. 8, attached hereto as **Exhibit C**.

[10] *See* Response at p. 10 (Emphasis in italics).

[11] *See* Transfer Order at p.3 (Emphasis in bold and italics).

[12] *See* Notice of Potential Tag- Along Action, In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179 (J.P.M.L. filed July 27, 2021) (Document Number 2047); and In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179 (J.P.M.L. filed December 9, 2021) (Document Number 2607) attached hereto as **Exhibit D**.

of fault, it is absolutely clear that you have made findings as to who was at fault for the spill, and BP has no intention of relitigating any of those issues."[13] Continuing, BP stated that for "those [] plaintiffs who were exposed to the oil through no fault of their own," specifically, Non-Class Members, like Law, Judge Barbier's "finding about the spill is useful to them . . . [it] might be enough to handle the whole liability question."[14]

On November 17, 2020, this Court held another status hearing for the B3 bundle where it was clarified and understood, by all parties including Judge Barbier, that no common issues remained that were to be decided by that court[15].  BP stated that the B3 plaintiffs, like Johnson, were a "really diverse group of plaintiffs with highly individualized issues" and that "[t]hey are different cases [than BELO cases]."[16]

### Adoption of this Court's Finding of Liability and Apportionment

After status hearing by this Court for the B3 bundle, BP submitted its position of liability for the Oil Spill before the different jurisdictions.

### Southern District of Alabama

The SDAL CMO in reference to all B3 cases, incorporates this Court's previous rulings on BP's liability for the Oil Spill.  (*See* SDAL B3 CMO. at 1, 08/20/21). Judge Kristi DuBose, stated

---

[13] *See* "Status Conference re B3 Bundle", Rec. Doc. 26713, 37:15-18, 9/23/2020 attached hereto as **Exhibit E.**

[14] *Id*. at 38:20-39:1.

[15] *See* "Status Conference", Rec. Doc. 26788, 6:4-20, 11/17/2020 attached hereto as **Exhibit F**)

[16] *Id*. at 6:17-19, 7:1-6.

that, "orders of the MDL 2179 Court's rulings apply to the B3 cases, as summarized by Judge Barbier in his MDL 2179 B3 CMO and Transfer Order. [17][18]

### Northern District of Florida

BP also submitted its position brief on the extent to which the Deepwater Horizon MDL Phase One findings of liability and percentage allocations of fault should be binding in the proceedings before the Northern District of Florida.  (*See* NDFL B3 CMO. at 1, 09/28/21).  Based on the representations, Judge M. Casey Rodgers issued a Case Management Order which, *inter alia*, addressed Judge Barbier's Phase One findings of common issues of fact as follows:

"Having fully reviewed the matter, the Court and the parties generally agree that the Phase One findings of fault should control and consequently, this eliminates the need for further fact and/or expert discovery or litigation on issues of fault related to the Deepwater Horizon blowout, explosion, and Oil Spill. BP maintains that it will defend, to the extent necessary, any allegations that it was negligent in *responding* to the Oil Spill, because its conduct during the cleanup activities was not addressed during the Phase One trial.  The Court agrees and hereby expressly adopts the Phase One findings of fault and conclusions of law, *see In re Oil Spill by the Oil Rig Deepwater Horizon,* 21 F. Supp. 3d 657 (E.D. La. 2014), as binding in all B3 Bundle litigation transferred to

---

[17] Id. at 3

[18] See MDL 2179 B3 CMO, at 6 n.10 (identifying "some of the Court's past rulings in the MDL [that] should narrow the issues in the B3 cases").  (*See also* In re Oil Spill by the Oil Rig Deepwater Horizon, 21 F. Supp. 3d 657, 746-47 (E.D. La. 2014) (finding BP liable under general maritime law tort for the oil spill). The SDAL B3 Case Management Order is attached hereto as **Exhibit G**

this Court.  Therefore, no additional fact and/or expert discovery is necessary on issues of fault related to the Deepwater Horizon blowout, explosion, and oil spill".[19]

Defendants seemed to have misconstrued that Plaintiff Johnson has consented to comply with PTO's even before this Court issues its clarification and/or correction to the EDLA B3 CMO. On December 30, 2021, itself Defendants were aware that DLG is taking steps seeking a clarification from this Court as this was disclosed in the Motion to Vacate Conditional CTO-142 filed before JPML for the second case filed directly by DLG in the United States District Court for the Southern District of Alabama [20]  When Plaintiff's Johnson's case was transferred by JPML to this Court pursuant to its Transfer Order, the standard orders of the EDLA B3 CMO were applied to it including PTO 63, PTO 66 and PTO 68. Thereafter DLG sent an email to BP Defendants counsel on January 4, 2021, confirming if they agreed that if the 90 days PTO deadlines would be applicable to this transferred case from the date it was transferred to this Court. This was only to ensure that Defendants and DLG were on the same page as to timelines on transferred cases.

## II.    CORRECTION OF THE EASTERN DISTRICT OF LOUISIANA B3 CASE MANAGEMENT ORDER WILL ENABLE JPML TO DETERMINE EACH INDIVIDUAL CASE BASED ON THE FACTORS UNDER 28 U.S.C. § 1407

For JPML to decide each future B3 cases based on the factors under 28 U.S.C. § 1407; a clarification and/or correction to the EDLA B3 CMO is necessary, failing this, JPML will keep transferring will continue to transfer every non-class member case filed in other jurisdictions that shares a common issue of fact with MDL-2179 to this Court JPML has in its Transfer Order categorically stated that until the transferee judge indicates that B3 cases are no longer required to complete the PTO process it sees no reason to exempt plaintiff's action from complying with the

---

[19] *See* NDFL B3 CMO. at 3, 09/28/21.  The NDFL Case Management Order is attached hereto as **Exhibit H**

[20] *See* Brief in Support of Motion to Vacate Conditional CTO-142 at p.1 n 3, hereto attached as **Exhibit I**

pretrial orders applicable to all other B3 cases[21]. Absence of clarification and/or correction from this Court will thus ultimately result in inefficiencies, delays and a waste of judicial resources.

After twelve years this court has made substantial progress in this litigation.  In addition to this Court, other district courts have also gained experience with several cases in this toxic tort litigation and have formulated their own respective case management orders for the BP Oil Spill cases.  The SDAL B3 Case Management Order allows for filing and litigating of new B3 cases directly in that jurisdiction subject to JPML's decision because the parties dispute whether such newly filed cases are required to be first merged in this Court for PTO Compliance and all new B3 cases filed directly there are stayed pending such decision.[22] Thus, this once again necessitates a clarity and/or clarification from this Court to prevent a further delay in cases filed in other jurisdictions including the Southern District of Alabama.

The case law referred by Defendants in their Response does little to further their arguments. DLG has never denied the validity of the Pre-Trial orders issued by this Court for the cases filed in this district in exercising the management of its own docket. The Fifth Circuit has held that Pre-Trial Orders requiring sworn statements, are lawful exercises of the district court's docket management discretion.[23]

---

[21] *See* Transfer Order at 2

[22] *See* SDAL B3 CMO, at p.1 n 1 The Parties dispute whether cases filed directly in this Court should be (as Defendants contend) transferred to MDL 2179 pursuant to 28 U.S.C. § 1407 for compliance with the MDL Court's pretrial order requirements as set forth in the MDL Court's Case Management Order for the B3 Bundle, Dkt. No. 26924 in 2:10-md-02179 (E.D. La.). B3 actions filed directly in this Court shall be stayed pending a final determination by the Judicial Panel on Multidistrict Litigation.

[23] *See In re Deepwater Horizon (Alvarado)*, 988 F.3d 192 (5th Cir. 2021).

Lastly, efficiency is not the sole objective under the MDL.[24] On the contrary, Section 1407 was drafted to expressly balance the "twin goals of efficiency *and* justice. [25] Accordingly, justice mandates that a plaintiff should not be prejudiced in the name of efficiency. Defendants routinely make narrow appeals to "efficiency" and "convenience," without explaining how engaging in duplicative discovery serves any efficiency or convenience to such B3 Plaintiffs and furthermore they have totally ignored the justice element. In fact, time and resources would be saved by allowing plaintiffs like Johnson to remain in the forum of their choice—because it would prevent the imposition of further duplicative and burdensome discovery.

When this Oil Spill litigation began in 2010, JPML concluded that consolidated pretrial proceedings were necessary because several diverse plaintiffs filed lawsuits across the country. In that time not only have all common issues and facts been resolved but other district courts have also gained experience with several cases in this toxic tort litigation and have formulated their own respective case management orders for the Oil Spill cases. Instead of engaging in discovery within their own well equipped and experienced forum of choice, such plaintiffs would undergo that arduous process in two separate jurisdictions because the same information required to be produced in the Eastern District of Louisiana will also be produced in discovery responses in the appropriate venue. Duplicate discovery only detriments such B3 plaintiffs because it imposes significant cost and delay, and only benefits Defendants.

## <u>CONCLUSION</u>

For the foregoing reasons and those proffered in the Motion to Clarify. DLG respectfully request this Court grant the Motion to Clarify and issue the requested clarifications.

---

[24] See Mark A. Hill, *Opening the Door for Bias: The Problem of Applying Transferee Forum Law in Multidistrict Litigation*, 85 Notre Dame L. Rev. 341, 362 (2009)

[25] Id. (emphasis added).

Respectfully submitted,

THE DOWNS LAW GROUP, P.A.

*/s/ C. David Durkee*
**C. DAVID DURKEE**
Florida Bar No.:  998435
3250 Mary Street Ste 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773
Email: ddurkee@downslawgroup.com


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Dated this 21st day of February 2022

*/s/ Charles D. Durkee*