# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|                                    |   |                                                                                |
|------------------------------------|---|--------------------------------------------------------------------------------|
| IN RE: DEEPWATER HORIZON<br>B3 LITIGATION | :<br>:<br>:<br>: | CASE MANAGEMENT ORDER TO<br>GOVERN ALL B3 CASES<br>IN THE SOUTHERN DISTRICT<br>OF ALABAMA |

**MASTER FILE NO. 21-5000-KD-MU-C**

## B3 CASE MANAGEMENT ORDER

This Case Management Order ("CMO") applies to proceedings in actions ("the B3 Actions") filed against BP Exploration & Production Inc. and BP America Production Company ("the BP Defendants"), as well as certain other defendants, in the United States District Court for the Southern District of Alabama, following transfer from the United States District Court for the Eastern District of Louisiana where they were part of the "B3" Pleading Bundle of cases in MDL 2179, as well as to B3 cases filed directly in this Court.[1] This CMO and its attachments shall be entered by the Clerk of Court in each B3 case. The Court's objective in these cases is to ensure the just, speedy, and inexpensive determination of these actions while promoting judicial efficiencies. *See* Fed.R.Civ.P. 1.[2] To that end, this CMO directs the following:

---

[1] The Parties dispute whether cases filed directly in this Court should be (as Defendants contend) transferred to MDL 2179 pursuant to 28 U.S.C. § 1407 for compliance with the MDL Court's pretrial order requirements as set forth in the MDL Court's Case Management Order for the B3 Bundle, Dkt. No. 26924 in 2:10-md-02179 (E.D. La.). B3 actions filed directly in this Court shall be stayed pending a final determination on transfer by the Judicial Panel on Multidistrict Litigation.

[2] A collaborative effort between the bench and bar of this Court has culminated in the issuance, effective May 13, 2019, of revised guidelines for discovery practice in the Southern District of Alabama. *See Introduction to Civil Discovery Practice in the Southern*

I.  **Background.**

The B3 actions were included in the "B3" Pleading Bundle established by the Court in MDL 2179, and they consist of personal injury actions that arise from the *Deepwater Horizon* oil spill that began in April 2010. In that respect, they are similar to the Back-End Litigation Option ("BELO") cases that are the subject of a separate Case Management Order in this Court. (*See* Master File No. 19-5000-KD-MU-C). Unlike the BELO actions, however, the B3 actions are not filed under the BELO provisions of the Medical Benefits Class Action Settlement ("MSA") that permit MSA class members to seek recovery for "Later Manifested Physical Conditions" that were first diagnosed after April 16, 2012. Instead, the B3 actions may allege conditions diagnosed either before or after April 16, 2012, and any exposure-related claims in the B3 actions may be brought only by individuals who are not members of the MSA class or who opted out of the MSA class.

Additionally, the B3 actions are not subject to the provisions of the MSA that limit the issues that may be litigated in BELO actions.  Neither are the B3 plaintiffs precluded from naming defendants other than the BP Defendants[3] or from asserting

---

*District of Alabama*, Civil Practice Subcommittee (May 13, 2019) (distributed by the Clerk with the Local Rules). The Court has specifically endorsed these guidelines. Among many benefits, the guidelines are effective in resolving discovery disputes in this District. Counsel should consult and follow (along with the contents of ¶ II.11.a., *infra*) these guidelines prior to requesting pre-motion mediation by Magistrate Judges P. Bradley Murray or William E. Cassady.

[3]     Certain of the B3 actions include as defendants Transocean Offshore Deepwater Drilling, Inc. (and certain of its affiliates), Halliburton Energy Services Inc., several affiliates of the BP Defendants, and several additional defendants not affiliated with the BP, Transocean, or Halliburton defendants.

2

claims for punitive damages in their complaints. The MDL 2179 Court, however, ordered before transferring the B3 actions to this district that, unless expressly altered or superseded by the assigned Judge to a B3 case, any issues in a B3 case that pertain solely to punitive damages ("Punitive Damages Issues") would be bifurcated from all other issues in the case and stayed, and that there will be no discovery, motion practice, or other litigation related to a Punitive Damages Issue unless and until the plaintiff in the case is adjudged entitled to compensatory damages on the plaintiff's claim. (Case Management Order for the B3 Bundle, Dkt. No. 26924 in 2:10-md-02179 (E.D. La.) ("MDL 2179 B3 CMO")).

In the four years prior to transferring the B3 cases to this district, the MDL 2179 Court entered a series of pretrial orders requiring the B3 plaintiffs and BP Defendants to provide to the Court and parties additional information necessary to the Court's effective management of the B3 bundle. (MDL 2179 Dkt. Nos. 22295, 24282, 26070, 26077). The B3 plaintiffs were required to file individual complaints and make certain disclosures in response to Pre-Trial Orders 63 and 66, and both the B3 plaintiffs and BP Defendants were required to make additional disclosures, including the production of certain documents, in response to Pre-Trial Order 68. After the parties fulfilled their obligations under Pre-Trial Orders 63, 66, and 68, the MDL Court transferred, or suggested remand of, certain B3 cases to this District. (MDL 2179 Dkt. Nos. 27018 ("Transfer Order") (transferring 13 actions to this district), 27027 (suggesting remand of one action to this district by the Judicial Panel on Multidistrict Litigation)).

Additionally, others of the MDL 2179 Court's rulings apply to the B3 cases, as

3

summarized by Judge Barbier in his MDL 2179 B3 CMO and Transfer Order. (*See* MDL 2179 B3 CMO, at 6 n.10 (identifying "some of the Court's past rulings in the MDL [that] should narrow the issues in the B3 cases")).

Finally, although the parties to the B3 cases participated in the consolidated MDL 2179 proceedings described above, the defendants had not been served with process in all B3 cases, nor had they filed responsive pleadings in the individual B3 cases, prior to their transfer or remand to this district. Accordingly, unlike the BELO cases, the pleadings in the B3 cases had not yet closed as of the time they were docketed in this district. Given these procedural distinctions between the BELO and B3 cases, this Court enters this separate Case Management Order ("CMO") for the B3 cases.

## II. Uniform Rules and Procedures for B3 Litigation.

1. <u>MASTER FILE</u>. This CMO, and any other general order/pleading/filing related to B3 cases filed in the Southern District of Alabama, will be maintained in a master file, specifically *In re Deepwater Horizon B3 Litigation,* Civil Action No. 21-5000-KD-MU-C.[4] The Clerk of Court is directed to give notice to any new attorneys who file B3 cases in this Court (following issuance of the CMO) to check all omnibus or general documents in the master file. In addition, there will be two magistrate judges attached to all B3 actions in this district, Magistrate Judges P. Bradley Murray

---

[4] This CMO, along with other pleadings/filings related to all B3 cases, will be automatically distributed to the parties in each individual case by the Clerk of Court. With respect to such pleadings/filings, the caption shall contain only the master file number. However, with respect to any pleadings directed to a single action, the caption of that action will include the individual case file number along with the master file number.

4

and William E. Cassady.[5] Judge Cassady will act as back-up to Judge Murray in the pre-trial management of these cases.

2. CORPORATE DISCLOSURES STATEMENTS. Assuming no changes in the corporate status of the BP defendants, the BP defendants are no longer required to file corporate disclosures in each case in accordance with Federal Rule of Civil Procedure 7.1, as the required information has already been presented to this Court. Other defendants who have not previously filed corporate disclosures in this district in connection with the BELO cases shall file corporate disclosures in each B3 case in accordance with Federal Rule of Civil Procedure 7.1.

3. *PRO HAC VICE* MOTIONS. Once counsel for any party has been admitted *pro hac vice* in any B3 action in this district (by following this Court's full application procedure, see S.D. Ala. GenLR 83.3(d)(1)-(3)), he or she need not file a subsequent motion and application for admission in any other B3 action in this district. Instead, once admitted, an attorney need only file a notice of *pro hac vice* appearance, certifying his or her prior admission (by citation to the case in which he or she was admitted *pro hac vice*) and paying the applicable *pro hac vice* admission fee using the CM/ECF event "Notice of Appearance Pro Hac Vice-B3 Cases Only."

4. NEW COUNSEL FOR A PLAINTIFF APPEARING AFTER ENTRY OF THIS CMO. Any new attorney appearing after entry of this CMO who objects to the

---

[5] These cases will continue to be assigned, on a normal rotational basis, to all District Judges in this district in rotation to receive them. Therefore, while the Master File will contain the Chief Judge's initials (along with the initials of Magistrate Judges Murray and Cassady), the individual cases will contain the initials of the assigned District Judge (along with the initials of Magistrate Judges Murray and Cassady).

contents of the CMO or, otherwise, seeks modification of the CMO must first discuss those objections and/or requested modifications with defense counsel (and other plaintiffs' counsel who participated in the initial CMO negotiations, if necessary). If counsel cannot reach an agreement in good faith, those objections and/or requested modifications are to be filed with the Court and in the Master File within thirty (30) days of appearance by new counsel.

5. ORDER GOVERNING CONFIDENTIAL MATERIALS AND DISCOVERY OF ELECTRONICALLY STORED INFORMATION. A consent order governing the production of confidential information/documents and the discovery of ESI, attached hereto as Attachment A, will be entered by the Court in each B3 case.

6. HIPAA PROTECTIVE ORDER. A B3 HIPAA Protective Order to govern the discovery of medical records is attached hereto as Attachment B and will be entered by the Court in each B3 case. This order authorizes any third party who is provided with an authorization executed by Plaintiff or a subpoena requesting access to medical records to disclose those medical records in response to such request or subpoena.

7. DISCOVERY COMPLETION. All discovery shall be commenced in time to be completed within 24 months (730 days) of the date on which the last of the defendants in the B3 case has filed an answer and the pleadings in that case are closed or of the date of this CMO, whichever is later.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; physical

6

inspections and testing have been concluded; physical and mental examinations have been concluded; experts' reports have been exchanged; all depositions, including experts' depositions, have been taken; any motions to compel having been timely filed to give adequate time for the Court to consider them; and non-party subpoenas (for production of evidence or to permit inspection) have been served and responses completed.

      a.    <u>DEFENDANTS</u>. The BP Defendants will serve discovery requests and respond to each plaintiff's discovery requests jointly. If the need arises to respond individually, the BP Defendants will so designate in their response. Likewise, the Transocean Defendants will serve discovery requests and respond to each plaintiff's discovery requests jointly. If the need arises to respond individually, the Transocean Defendants will so designate in their response. The other identified Defendants will serve discovery requests and respond to each plaintiff's discovery requests individually, unless they are part of a group in which case they will serve discovery requests and respond to each plaintiff's discovery requests jointly.

      b.    <u>PLAINTIFF</u>. Within ninety (90) days of the date of this Order or of the date that any defendant files an answer, whichever is later, plaintiff shall produce to defendants all authorizations attached to this Order. *See* Attachment C. The BP Defendants, Transocean Defendants, and any other defendants that are a part of the same group will be provided only one set of authorizations. If a plaintiff believes that certain authorizations contained in Attachment C should not be executed, then a plaintiff

7

can raise that issue with defendants before the due date for production of the executed authorizations.

8. EXPERT TESTIMONY. Plaintiff shall disclose all expert witnesses to be called at trial in accordance with Fed. R. Civ. P. Rule 26 within 18 months (540 days) of the date of this Order or of the date that any defendant files an answer, whichever is later. The Defendants shall disclose all expert witnesses to be called at trial in accordance with Fed. R. Civ. P. Rule 26 within 19 months (570 days) of the date of this Order or of the date that any defendant files an answer, whichever is later. Plaintiff's experts shall be made available for deposition within **thirty (30) days** after the disclosure of the Defendants' expert reports. The Defendants' experts shall be made available for deposition within **thirty (30) days** after the final deposition of plaintiff's experts.

9. PUNITIVE DAMAGES. Unless expressly altered or superseded for a particular B3 case, any issues in a B3 case that pertain solely to punitive damages ("Punitive Damages Issues") are bifurcated from all other issues in the case and stayed, and there will be no discovery, motion practice, or other litigation related to a Punitive Damages Issue unless and until the plaintiff in the case is adjudged entitled to compensatory damages on the plaintiff's B3 claim.

10. DISCOVERY LIMITS. Discovery is limited as follows: Not more than **two sets** of interrogatories, not to exceed a total of **30**, including all discrete subparts, may be served by each party upon any other party. Responses are due within forty-five (45) days of service;

    a. Not more than **10** fact witness depositions may be taken by each party, each deposition limited in duration to a maximum of **seven (7) hours**, unless extended by agreement of the parties;

    b. Not more than **three sets** of requests for admissions, not to exceed a total of **30**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    c. Not more than **two sets** of requests for production of documents, not to exceed a total of **35**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial (or deposition) shall not be used to circumvent the limitations placed on discovery.**

 In applying these limits, all parties represented by the same counsel will be treated as a single party.

   11. <u>DISCOVERY MOTIONS</u>. The following requirements pertain to discovery motions, and similar non-dispositive motions, filed in this Court. All such motions (that is, discovery disputes) will be directed in all B3 cases to Magistrate Judge P. Bradley Murray, in the first instance, but may ultimately be determined by Magistrate Judge William E. Cassady:

    a. <u>Conferencing by Counsel</u>. The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from

9

another party's attempts to obtain information through discovery, and any motion for extension of time on discovery related issues. This requirement applies to all such discovery-related motions, including but not limited to, those referred to in Rules 26(c) (motion for a protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical and mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (motion to compel disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); 45(d) (protection of persons subject to subpoena); and any similar non-dispositive motion filed in this action. In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter. Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing the required certification will be stricken or denied.[6]

---

[6] Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes. *See generally Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959 (D.S.D. June 4, 2009) (denying the government's motion to compel discovery "without prejudice to the government's ability to renew such motion after satisfying the condition precedent of conferring with Mr. Robinson in a **good faith** effort to resolve the outstanding discovery disputes between the parties") (emphasis in original); *see also id.* at *3-4 (collecting cases that "put 'flesh on the bone' of the meet-and-

10

      b.  <u>Court's Pre-Motion Mediation</u>.  If any issues remain unresolved after counsel for the parties have engaged in the required in-person (or telephone) good-faith conferencing outlined above, the moving party shall contact the undersigned's law clerk to schedule an informal conference with the Magistrate Judge to discuss all outstanding issues prior to the filing of a formal motion. At the Magistrate Judge's discretion, the conference may be held by telephone or in person. The Magistrate Judge's duty at this conference will be initially to act as a mediator and assist the parties in resolving any outstanding issues and, if agreement cannot be reached, the undersigned will likely enter an order ruling on all outstanding issues without the need for the filing of a formal written motion.

      c.  <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Rule 26(c), a motion for physical and mental examination pursuant to Rule 35(a), a

---

confer requirement"—"'conferment' [per Rule 37] requires the parties 'to have had an actual meeting or conference'" (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170-171 (D. Nev. 1996)); "counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement" (citing *Alexander v. FBI*, 186 F.R.D. 197, 198-199 (D.D.C. 1999)); "the meet-and-confer requirement [is not] satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests" (citing *Bolger v. District of Columbia*, 248 F.R.D. 339, 343-344 (D.D.C. 2008)); "sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the pre-requisite of a certification of having conferred in good faith" (citing *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001)); "the meet-and-confer requirement is intended to require counsel to '***converse, confer, compare views, consult and deliberate***'" (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (emphasis added))).

  Further, as the court in *Shuffle Master* observed, and this Court adopts, any good faith certification filed "***must*** accurately and specifically convey to the court ***who, where, how, and when*** the respective parties attempted to personally resolve the discovery dispute." 170 F.R.D. at 170 (emphasis added); *cf.* S.D. Ala. CivLR 37. ***Motions with certifications lacking this level of detail will be stricken.***

motion to determine sufficiency pursuant to Rule 36(a), and a motion to compel pursuant to Rule 37, and any similar non-dispositive motion, shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court, and, again, shall only be filed after all of the foregoing conferencing has occurred, unless exceptional or exigent circumstances exist. Any such motion shall quote in full (1) each interrogatory, request for admission or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are not to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original. The applicable page limit for such pleadings shall include all introductory or position statements, and statements in support of, or in opposition to, a particular request, but shall not include the discovery request or response itself.

        d.      Time for Responses. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based. The parties may, without seeking leave from the Court, agree to modify the response deadline so long as

notification of such modification is provided to the Court within fourteen (14) days of the filing of a discovery motion. Any reply memorandum shall be filed within seven (7) days of the filing of the response memorandum.

12.     DISPOSITIVE MOTIONS.  Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed no later than sixty (60) days following the close of discovery. In submitting exhibits, the parties are reminded of Civil Local Rule 5(a), which provides that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

In addition, the parties are to file any *Daubert* motions, or other motions under Fed.R.Evid. 702, by not later than sixty (60) days after the close of discovery.

13.     FINAL PRETRIAL CONFERENCE/TRIAL.  Each individual B3 action shall come on for a final pretrial before the assigned district judge not later than four (4) months following the filing of any dispositive motions, on a date specifically selected by the assigned district judge. At that final pretrial conference, the assigned district judge will set the action for trial. The parties are informed that jury selection for civil cases occurs one day a month, usually the first Tuesday of each month.

14.     SETTLEMENT/ADR.  A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. *See* S.D. Ala. CivLR 16(d) (discussing alternative dispute resolution, with an emphasis on early

neutral evaluation). The parties are **ORDERED** to engage in one round of mediation before a qualified mediator from the list of neutrals maintained by the Clerk of this Court, or before a mutually-agreed-upon mediator who is not a member of the panel of neutrals of this Court (but who has agreed in writing to abide by all provisions of this Court's ADR plan[7]), **within the 60-day period after the close of discovery but before the filing of dispositive motions**.

        15.    BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS.  Unless prior permission of the Court is given:

        a.    Principal briefs filed in support of, or in opposition to, any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.  Attachments to a brief do not count toward the page limitation.  See S.D. ALA. CivLR 7(e).

        b.    An application to the Court for an order shall be by motion, not by letter.  See FED. R. CIV. P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly styled and captioned paper, not by letter.

        c.    Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers. A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; it may be adopted by reference.  If a party's exhibits in support of

---

[7] See United States District Court for the Southern District of Alabama Order Adopting Alternative Dispute Resolution Plan, dated Feb. 8, 1995, *available at:* http://www.alsd.uscourts.gov/documents/forms/ADRplan.pdf.

or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

    d. Papers transmitted to the Court by facsimile will not be accepted for filing.

   16. <u>MODIFICATION OF THIS CMO</u>.  All parties are reminded that this CMO shall not be modified except upon a showing of good cause and by leave of Court. *Compare* Fed.R.Civ.P. 16(b)(4) *with* S.D. Ala. CivLR 26(c). Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the Order, that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause.  An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. FED. R. CIV. P. 16(b) & (e).

   17. <u>LOCAL RULES</u>. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters.  They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), but are amended from time to time.  A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov.

 As a general matter, FED. R. CIV. P. 5(d) proscribes the filing of most discovery materials. Instead, whenever any discovery material is served, counsel shall contemporaneously file a notice with the Court identifying the date of service and the nature of the material. S.D. Ala. CivLR 5(b). In the event discovery materials are

15

germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response. S.D. Ala. CivLR 5(a). Further, the custodian of any discovery material shall provide all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party. S.D. Ala. CivLR 5(c). No other person may obtain a copy of any discovery material from its custodian except on motion and with leave of Court, upon payment of the expense of the copy. *Id.*

    18  SANCTIONS. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this CMO shall be deemed a failure to obey the CMO and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

    19**.**  ELECTRONIC SERVICE. The electronic service of discovery documents and other papers is specifically authorized in these B3 actions in accordance with Fed.R.Civ.P. 5(b)(2)(E).

**DONE** and **ORDERED** this the 20th day of August, 2021.

              s/Kristi K. DuBose
              **CHIEF UNITED STATES DISTRICT JUDGE**