# EXHIBIT H

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEEPWATER HORIZON, B3 PLEADING BUNDLE CASES | Case No. 3:19cv963 |

| | |
|---|---|
| This Document Relates to:<br><br>*KAYLA YOUNG INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID L RAY,*<br>Case No. 5:21cv76;<br><br>*JOHN LINDSEY ADAMS,*<br>Case No. 3:21cv548;<br><br>*WILLIAM ENFINGER,*<br>Case No. 3:21cv549;<br><br>*EDWARD MOCK,*<br>Case No. 3:21cv550;<br><br>*LINDA FRASSETTI,*<br>Case No. 3:21cv551;<br><br>*CHARLES EDWARD TURNER,*<br>Case No. 3:21cv552;<br><br>*KATHY STRINGER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CRYSTAL A ROBINSON, AND NATURAL GUARDIAN OF JANE DOE, JOHN DOE, JACK DOE and JIM DOE, MINOR CHILDREN,*<br>Case No. 3:21cv688; | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

*MICHAEL HELMHOLTZ,*
Case No. 1:21cv62.

---

## <u>CASE MANAGEMENT ORDER</u>

Pending is the parties' Joint Report filed pursuant to Rule 26 in the above-named cases, which are part of a group known as the "B3 Pleading Bundle."[1] These cases arose out of the Deepwater Horizon oil spill. They were originally filed and grouped together in the Deepwater Horizon multidistrict litigation (MDL No. 2179, E.D. LA). Following the completion of common discovery and the resolution of common issues in the MDL, *see generally In re Oil Spill by the Oil Rig Deepwater Horizon*, 21 F. Supp. 3d 657 (E.D. La. 2014) (Phase One findings), the cases were transferred to this Court for individual discovery and trial.[2] The parties have now submitted their joint scheduling proposals and position briefs on the extent to which the Deepwater Horizon MDL Phase One findings of liability and percentage allocations of fault should be binding in these proceedings.

---

[1] Counsel for the case of Michael Helmholtz were not part of the negotiated Rule 26 Report because no defendant had yet appeared in that case. However, at least one defendant has now filed an answer in that case, so the case is now ripe for entry of this Case Management Order.

[2] The Amended Complaints allege that the Plaintiffs suffer from various medical illnesses, and or death, as a result of the Defendants' negligence and gross negligence with respect to the oil spill, Deepwater Horizon explosion, and subsequent spill related events. Jurisdiction is based on complete diversity, 28 U.S.C. § 1332(a); cases arising out of any operation conducted on the outer Continental Shelf, 43 U.S.C. § 1349(b)(1); and admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and 46 U.S.C. § 30101.

Having fully reviewed the matter, the Court and the parties generally agree that the Phase One findings of fault should control and consequently, this eliminates the need for further fact and/or expert discovery or litigation on issues of fault related to the Deepwater Horizon blowout, explosion, and oil spill. BP maintains that it will defend, to the extent necessary, any allegations that it was negligent in *responding* to the oil spill, because its conduct during the cleanup activities was not addressed during the Phase One trial. The Court agrees and hereby expressly adopts the Phase One findings of fault and conclusions of law, *see In re Oil Spill by the Oil Rig Deepwater Horizon,* 21 F. Supp. 3d 657 (E.D. La. 2014), as binding in all B3 Bundle litigation transferred to this Court.[3] Therefore, no additional fact and/or expert discovery is necessary on issues of fault related to the Deepwater Horizon blowout, explosion, and oil spill.

Accordingly, on the understanding that the Phase One trial findings of fault and liability as to the blowout, explosion, and resulting spill are binding in these proceedings, and based on a consideration of the parties' scheduling proposals, the Court implements the following schedule, which is to be filed in all B3 Pleading Bundle cases:

---

[3] The Phase One findings deemed BP 67% at fault, Transocean 30% at fault, and Haliburton 3% at fault for the blowout, explosion, and oil spill. *In re Oil Spill by the Oil Rig Deepwater Horizon*, 21 F. Supp. 3d at 746-47.

A.    <u>Timetable for Discovery and Dispositive Motions</u>

1.    The parties will be allowed **12 months (365 days)** of discovery from the date this Order is entered. Authorizations attached to the parties' Joint Report (filed as ECF No. 316 in the Master BELO Docket, Case No. 3:19cv963) are due **45 days** from the date of this Order. Simultaneously with the entry of this CMO, the Court will enter the parties' proposed B3 HIPAA Protective Order to govern the discovery of medical records and the parties' proposed Confidentiality Order to govern the request and production of confidential information/documents and the discovery of Electronically Stored Information.

2.    Plaintiff's expert disclosure deadline is **seven months (210 days)** after entry of this Order, and Defendants' expert disclosure deadline at **nine months (270 days)** after entry of this Order. Experts must be available for depositions within **forty-five (45) days** after disclosure, rebuttal experts, if any, must be disclosed within **thirty (30) days** thereafter. Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial. Also, a party's failure to timely disclose an expert witness's report will normally be grounds to bar the witness from testifying at trial.

3.      The deadline for filing potentially dispositive and *Daubert*[4] motions is **thirty (30) days** after the close of discovery, and responses are due **thirty (30) days** thereafter.   There will be no replies absent leave of Court on a showing of extraordinary cause.  The  parties are directed to submit courtesy hard (*i.e.*, paper) copies of their motion and/or response and all supporting exhibits, along with any other evidentiary materials, to the undersigned's chambers promptly after filing.

B.      <u>Discovery Limits</u>

According to the agreement of the parties, discovery is limited as follows:

1.      Not more than two sets of interrogatories, not to exceed a total of 30, including all discrete subparts, may be served by each party upon any other party. Responses are due within forty-five (45) days of service;

2.      Not more than 10 fact witness depositions may be taken by each party, each deposition limited in duration to a maximum of seven (7) hours, unless extended by agreement of the parties;

3.      Not more than two sets of requests for admissions, not to exceed a total of 25, including all discrete subparts, may be served by each party upon any other party.  Responses are due within thirty (30) days of service;

---

[4] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

4.     Not more than two sets of requests for production of documents, not to exceed a total of forty-five (45), including all discrete subparts, may be served by each party upon any other party.  Responses are due within thirty (30) days of service. Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

In applying these limits to the individual cases, all parties represented by the same counsel will be treated as a single party.  The BP Defendants will serve discovery requests and respond to each plaintiff's discovery requests jointly. If the need arises to respond individually, the BP Defendants will so designate in their response. Likewise, the Transocean Defendants will serve discovery requests and respond to each plaintiff's discovery requests jointly. If the need arises to respond individually, the Transocean Defendants will so designate in their response. The other identified Defendants will serve discovery requests and respond to each plaintiff's requests individually, unless they are part of a group in which case they will serve discovery requests and respond to each plaintiff's discovery requests jointly.

C.     Procedure for Failure to Comply

In the event any Plaintiff fails to comply with the time limits for executing authorizations, producing records or the Plaintiff's affidavit, or responding to a

discovery request, Defendants will send the list of deficiencies to Plaintiff's counsel, clearly delineating the outstanding deficiencies, and each Plaintiff so notified will have a 14-day period from receipt of that notice to cure all deficiencies.  Thereafter, Defendants, after conferring with Plaintiff's counsel, will notify the Court of any failure to cure by providing the Court one combined list of cases where deficiencies remain, including identification of all outstanding deficiencies, to be filed in each individual case listed.  On receipt of this list, the Court will enter individual orders compelling each Plaintiff to respond to the outstanding discovery request or to provide the missing authorizations within 14 days.  At the expiration of that period, Defendants will be directed to file a final deficiency report notifying the Court of the cases and each remaining deficiency, again in one comprehensive report and again only after conferring with Plaintiff's counsel, to be filed in each case listed. At that time, a show cause order will be entered, requiring counsel to show cause on behalf of their clients directly to the Court as to why their case should not be dismissed with prejudice for a failure to comply with duly delineated discovery obligations and the failure to comply with lawful orders of this Court.  Each Plaintiff will be cautioned that in the event the Plaintiff fails to respond**,** his or her case will be dismissed with prejudice.  Based on the response received, the Court will determine whether there is a need for a hearing.

D.    Other Matters

1.    Assuming no changes in the corporate status of the BP Defendants, the BP Defendants are no longer required to file corporate disclosures in each case in accordance with Federal Rule of Civil Procedure 7.1, as the required information has already been presented to this Court through previous filings. Other defendants, who have not previously filed corporate disclosures in this district in connection with the BELO cases, shall file corporate disclosures in each case in accordance with Federal Rule of Civil Procedure 7.1.

2.    After the resolution of dispositive motions, a separate Order Setting Trial and Pretrial Schedule will be issued, setting out in detail the requirements for an attorney conference of counsel and the preparation and filing of a pretrial stipulation and other related papers.  The deadline for the attorney conference (as established by the Order Setting Trial and Pretrial Schedule) also will be the deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3).  The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is five days thereafter.

3.    This CMO may be modified only on a showing of good cause.  Any new attorney appearing after entry of the CMO who objects to the contents of this CMO or seeks modification of the CMO must first discuss those objections and/or requested modifications with defense counsel (and other plaintiffs' counsel who

participated in the initial CMO negotiations, if necessary). If agreement cannot be reached by the parties in good faith, those objections and/or requested modifications are to be filed with the Court within **thirty (30) days** of appearance by new counsel.

4.     Issues pertaining solely to punitive damages are **BIFURCATED** from all other issues in the case and **STAYED**, and there will be no discovery, motion practice, or other litigation respecting a Punitive Damages Issue until the plaintiff in the case is adjudged entitled to compensatory damages on the plaintiff's claim.

     **DONE AND ORDERED** this 28th day of September 2021.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**