# IN RE: OIL SPILL by "Deepwater Horizon"
# DIRECT FILING SHORT FORM[1]

**Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982**
**(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)**

MDL 2179          SECTION: J          JUDGE CARL BARBIER

### CLAIM IN LIMITATION--JOINDER IN MASTER ANSWER--INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE FORM

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Manthey | Tony | R. | |

| Phone Number | E-Mail Address |
|---|---|
| (612) 325-9999 | tony@flmtg.us |

| Address | City / State / Zip |
|---|---|
| 58 Siesta Bluff | Destin, Florida 32541 |

**INDIVIDUAL CLAIM** ☐          **BUSINESS CLAIM** ☒

| Employer Name | Business Name |
|---|---|
|  | Tony R. Manthey |

| Job Title / Description | Type of Business |
|---|---|
|  | Independent Mortgage Broker |

| Address | Address |
|---|---|
|  | 58 Siesta Bluff |

| City / State / Zip | City / State / Zip |
|---|---|
|  | Destin, Florida 32541 |

| Last 4 digits of your Social Security Number | Last 4 digits of your Tax ID Number |
|---|---|
|  | XX-XX-9577 |

| Attorney Name | Firm Name |
|---|---|
| Edwin Armistead Easterby | Williams Kherkher Hart & Boundas, LLP |

| Address | City / State / Zip |
|---|---|
| 8441 Gulf Freeway, Suite 600 | Houston, Texas 77017 |

| Phone Number | E-Mail Address |
|---|---|
| (713) 230-2200 | aeasterby@williamskherkher.com |

| Claim filed with BP? | YES ☒ NO ☐ | Claim Filed with GCCF?: | YES ☒ NO ☐ |
|---|---|---|---|
| If yes, BP Claim No.: 1002933-01 | | If yes, Claimant Identification No.: 01067447 | |

**Claim Type (Please check all that apply):**

☐ Damage or destruction to real or personal property
☒ Earnings/Profit Loss
☐ Personal Injury/Death

☐ Fear of Future Injury and/or Medical Monitoring
☐ Loss of Subsistence use of Natural Resources
☐ Removal and/or clean-up costs
☐ Other: _____

---

[1] **This form should be filed with the U.S. District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130**, in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

1

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

Plaintiff has provided a detailed description together with this Short-Form Joinder, which is incorporated fully herein. (see attachment hereto). Plaintiff timely submitted a conforming OPA presentment to the designated Responsible Party on January 15, 2013, including a sum-certain demand for $176,903.00. Where applicable, Plaintiff's claim package included documents and materials demonstrating: (a) that real or personal property or natural resources have been injured, destroyed, or lost; (b) Plaintiff had reduced revenue/income/variable profit (and the amount of that reduction) resulting from the April 20, 2010 Gulf Oil Spill; (c) Plaintiff's revenue/income/variable profit in comparable periods and during the applicable loss period (as established by tax returns, financial statements, and similar documents). In addition, Plaintiff submitted information regarding whether Plaintiff undertook alternate employment/business, whether such alternate employment/business was available, and the amount (if any) of income received (including documents relating to any saved overhead and other normal expenses not incurred as a result of the Incident).

2. For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

N/A

3. For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

N/A

2

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- [ ] 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- [ ] 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- [ ] 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- [ ] 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- [ ] 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- [ ] 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- [ ] 7. Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- [ ] 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- [x] 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- [ ] 10. Person who utilizes natural resources for subsistence.
- [ ] 11. Other: _____

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

- [ ] 1. Boat captain or crew involved in the Vessels of Opportunity program.
- [ ] 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- [ ] 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- [ ] 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- [ ] 5. Resident who lives or works in close proximity to coastal waters.
- [ ] 6. Other: _____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

/s/ Edwin Armistead Easterby
Claimant or Attorney Signature

Edwin Armistead Easterby
Print Name

4/17/13
Date

3

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

Tony R. Manthey
SSN 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

**PLAINTIFF'S SUPPLEMENT TO DIRECT FILING SHORT FORM
REGARDING THE NATURE OF PLAINTIFF'S INJURY**

Tony R. Manthey ("Plaintiff") submits this Supplement to Direct Filing Short Form Regarding the Nature of Plaintiff's Injury.

**A.     Plaintiff Incurred Economic Losses as a result of the Oil Spill.**

Plaintiff incurred substantial economic losses as a direct result of the Oil Spill. Plaintiff was an independent Mortgage Loan Originator in Destin, Florida. Plaintiff's license was held by Access E Mortgage in St. Augustine, Florida. Plaintiff had been with Access E Mortgage since August 2008, and had been a Mortgage Broker since late 2006. Plaintiff established a large database of clients, along with establishing an excellent business relationship with the Florida Gulf Coast community. The sustainability of Plaintiff's business was dependent on commissions earned from mortgage closings on the purchase and/or refinancing of both residential and commercial real estate in the Florida Gulf Coast region, running from Pensacola, Florida to Panama City, Florida. The Deepwater Horizon Oil Spill had an immediate and severe adverse impact to Plaintiff's business. Clients who were already in the underwriting process retracted their loan applications, or decided they did not want to purchase and/or refinance real estate as a result of the depreciating real estate values caused by the negative implication of the oil spill on the Florida Gulf Coast. Due to the uncertainty of the effect of the oil spill on the Florida Gulf Coast, as well as unknown impact on the potential loss of property values and clients possible losing employment, the mortgage lenders stopped accepting new loan applications.

As a result of the decrease and/or stoppage of commission revenues earned from Plaintiff's mortgage business, Plaintiff was forced to close down his business office, located at office at 151 Regions Way, Suite 1B, Destin Florida and operate his business out of his home. This was an effort by Plaintiff to mitigate damages. This relocation negatively affected Plaintiff's business, as clients were hesitant to work with mortgage loan originators who work out of a home office. Plaintiff was also forced to obtain other means of employment outside the mortgage business. This entailed working for LXI Components, where Plaintiff earned $1763.18, Albright, Houtsma & Clark where Plaintiff earned $820.50, and Black Tie Limo, where Plaintiff earned $2500.00.

The mortgage business in the Florida Gulf Coast is "seasonal" with a majority of all purchases of real estate occurring during the months of April through November. Plaintiff historically received a majority of his income during these months. Thus, the timing of the Deepwater Horizon Oil Spill couldn't have happened at a worst time. All financial indicators showed that the upcoming 2010 was going to be a very active year in the mortgage business as clients were back in the market aggressively pursuing real estate purchases and home values were allowing clients to refinance their existing

1

Tony R. Manthey
SSN 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

mortgages. Instead, Plaintiff's clients basically stop calling, retracted loan applications in process, and made statements to Plaintiff that they were going to look at purchasing real estate in different areas of the country as they were not comfortable what the effects that the oil spill would have on their property values. Plaintiff was expecting to obtain applications for mortgage purchases and/or refinancing which would have exceeded $1.5M per month. Plaintiff's historical revenues and profitability demonstrate these were reliable estimates.

As shown in Plaintiff's OPA Presentment claim, Plaintiff's business was in the immediate vicinity of a spill. As such, Plaintiff's commercial activities are very closely bound up with local economies that revolve around the use of resources and property that have been damaged. And there is some reason to suppose that Congress, acting with the *Exxon Valdez* spill very much in mind, was especially focused on the adverse economic effects of spills on the residents of shoreline communities physically affected by a spill.