# IN RE: OIL SPILL by "Deepwater Horizon"
# DIRECT FILING SHORT FORM[1]

**Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982**
**(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)**

MDL 2179     SECTION: J     JUDGE CARL BARBIER

**CLAIM IN LIMITATION--JOINDER IN MASTER ANSWER--INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE FORM**

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Pope | Delores | | |

| Phone Number | E-Mail Address |
|---|---|
| (850) 865-0470 | dee@warchitect.com |

| Address | City / State / Zip |
|---|---|
| 4100 Legendary Dr., Suite 240 | Destin, Florida 32541 |

**INDIVIDUAL CLAIM** ☐    **BUSINESS CLAIM** ☒

| Employer Name | Business Name |
|---|---|
|  | Bletz Advisors, LLC |

| Job Title / Description | Type of Business |
|---|---|
|  | Development Company/Services |

| Address | Address |
|---|---|
|  | 4100 Legendary Dr., Suite 240 |

| City / State / Zip | City / State / Zip |
|---|---|
|  | Destin, Florida 32541 |

| Last 4 digits of your Social Security Number | Last 4 digits of your Tax ID Number |
|---|---|
|  | XX-XXX7004 |

| Attorney Name | Firm Name |
|---|---|
| Edwin Armistead Easterby | Williams Kherkher Hart & Boundas, LLP |

| Address | City / State / Zip |
|---|---|
| 8441 Gulf Freeway, Suite 600 | Houston, Texas 77017 |

| Phone Number | E-Mail Address |
|---|---|
| (713) 230-2200 | aeasterby@williamskherkher.com |

| Claim filed with BP? | YES ☐   NO ☐ | Claim Filed with GCCF?: | YES ☒   NO ☐ |
|---|---|---|---|
| If yes, BP Claim No.: | | If yes, Claimant Identification No.: | 3124436 |

**Claim Type (Please check all that apply):**

☐ Damage or destruction to real or personal property
☒ Earnings/Profit Loss
☐ Personal Injury/Death
☐ Fear of Future Injury and/or Medical Monitoring
☐ Loss of Subsistence use of Natural Resources
☐ Removal and/or clean-up costs
☐ Other: _____

---

[1] **This form should be filed with the U.S. District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130**, in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

1

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

   Plaintiff has provided a detailed description together with this Short-Form Joinder, which is incorporated fully herein. (see attachment hereto). Plaintiff timely submitted a conforming OPA presentment to the designated Responsible Party on January 14, 2013, including a sum-certain demand for $1,072,463. Where applicable, Plaintiff's claim package included documents and materials demonstrating: (a) that real or personal property or natural resources have been injured, destroyed, or lost; (b) Plaintiff had reduced revenue/income/variable profit (and the amount of that reduction) resulting from the April 20, 2010 Gulf Oil Spill; (c) Plaintiff's revenue/income/variable profit in comparable periods and during the applicable loss period (as established by tax returns, financial statements, and similar documents). In addition, Plaintiff submitted information regarding whether Plaintiff undertook alternate employment/business, whether such alternate employment/business was available, and the amount (if any) of income received (including documents relating to any saved overhead and other normal expenses not incurred as a result of the Incident).

2. For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

   N/A

3. For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

   N/A

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- [ ] 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- [ ] 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- [ ] 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- [x] 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- [ ] 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- [ ] 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- [ ] 7. Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- [ ] 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- [ ] 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- [ ] 10. Person who utilizes natural resources for subsistence.
- [ ] 11. Other:_____

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

- [ ] 1. Boat captain or crew involved in the Vessels of Opportunity program.
- [ ] 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- [ ] 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- [ ] 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- [ ] 5. Resident who lives or works in close proximity to coastal waters.
- [ ] 6. Other:_____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

/s/ Edwin Armistead Easterby
Claimant or Attorney Signature

Edwin Armistead Easterby
Print Name

4/18/13
Date

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

Bletz Advisors, LLC
EIN26-3377004

**PLAINTIFF'S SUPPLEMENT TO DIRECT FILING SHORT FORM**
**REGARDING THE NATURE OF PLAINTIFF'S INJURY**

Bletz Advisors, L.L.C. ("Plaintiff") submits this Supplement to Direct Filing Short Form Regarding the Nature of Plaintiff's Injury.

**A.     Plaintiff Incurred Economic Losses as a result of the Oil Spill.**

Plaintiff incurred substantial economic losses resulting from the April 20, 2010, Oil Spill. Plaintiff is a small development company that carefully selects and invests in projects based upon their potential success in Northwest Florida. Plaintiff selected the Walton County Public Marina due to the fact there was not an existing Marina located in Walton County of this size and in a 25 mile radius. Plaintiff conducted extensive (and expensive) research and necessary inspections/studies regarding the Walton County Public Marina project. In Early 2008 Plaintiff began final property evaluations, which led Plaintiff to purchase the US Hwy 331 property that is the subject of Plaintiff's OPA claim/case. The Walton County Public Marina Project is located off Highway 331 in South Walton County, Florida and as noted above was a carefully selected, the project well-researched and recognize as a needed project to serve the Walton County's middle-priced boating community. The property and project was deemed a high potential of success. Plaintiff purchased the land in July of 2009. Plaintiff immediately began the formal general entitlements as required by Walton County Development Code and the State Of Florida DEP. Plaintiff also began permitting the US Hwy 331 intersection entrance into the property with the Florida DOT. Specifically as it pertains to the Public Marina, Plaintiff began the exploratory engineering of the harbor, local waters, and number of wet slips. In addition, Plaintiff explored the number of dry slips and support uses (i.e. hotels condominiums, restaurants, and other tourism businesses). Plaintiff hired a marketing firm to which initiated Discussions with Walton County's Tourist Development Commission (TDC) for its support with the County Commission and obtaining State funds available for this type of development. By February 2010, Plaintiff had completed much of the preliminary work, permitting, marketing, and had favorable cost/income proformas. Plaintiff obtained interim development funding from a private investor for the years of 2010/11. This funding was to complete the permitting and to reimburse Plaintiff for its efforts to date. The OPA Presentment claim files, all of which were submitted to the GCCF, show that Plaintiff was in the final stages of developing this property when the Oil Spill occurred.

Plaintiff incurred large out-of-pocket expenses through February of 2010, including: (i) the purchase of the property; (ii) permitting; (iii) compensation to various consultants and professionals; and (iv) and the construction of the intersection, a requirement of Walton County.

Bletz Advisors, LLC
EIN26-3377004

Plaintiff had committed to complete the marina per Plaintiff's schedule and was on pace to complete this development. The Gulf Oil Spill changed the course of the project as follows:

1. Fear of a damaged environment seized the area after the spill. Tourists and tourism almost came to a complete stop. Locals saw their "means of making a living" dissolving. In the time of fear, discouragement, and loss of future income caused interested Marina backers to stop all commitments to Plaintiff's Marina Project. Virtually all funds, time, initiative and research put into the project by Plaintiff were lost, with no light at the end as to when all this would resume.
2. Plaintiff was forced to reduce the consultants used to none.
3. The office infrastructure continued and required payment. This infrastructure was scaled down to a bare minimum but the cost was still there.
4. Monies expended to date did not provide any return on investment;
5. The waterfront property has lost value;
6. Restarting and redoing the Marina project will take two to three years and will require Plaintiff completely redoing its initial studies.

Plaintiff essentially lost its entire investment in this project. Plaintiff also incorporates all materials previously provided to the Responsible Party and the GCCF as if fully stated herein.