# IN RE: OIL SPILL by "Deepwater Horizon"
# DIRECT FILING SHORT FORM[1]

Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982
(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)

| MDL 2179 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

**CLAIM IN LIMITATION--JOINDER IN MASTER ANSWER--INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE FORM**

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Harter | David | | |

| Phone Number | E-Mail Address |
|---|---|
| | |

| Address | City / State / Zip |
|---|---|
| 1010 Shreveport Barksdale Hwy | Shreveport, La 71105 |

INDIVIDUAL CLAIM ✓    BUSINESS CLAIM ☐

| Employer Name | Business Name |
|---|---|
| | |
| Job Title / Description | Type of Business |
| | |
| Address | Address |
| | |
| City / State / Zip | City / State / Zip |
| | |
| Last 4 digits of your Social Security Number | Last 4 digits of your Tax ID Number |
| 6171 | |

| Attorney Name | Firm Name |
|---|---|
| Soren Gisleson | Herman, Herman & Katz |
| Address | City / State / Zip |
| 820 Okeefe Ave | New Orleans, LA 70113 |
| Phone Number | E-Mail Address |
| (504) 581-4892 | sgisleson@hhklawfirm.com |

| Claim filed with BP?  YES ☐  NO ☐ | Claim Filed with GCCF?:  YES ☐  NO ☐ |
|---|---|
| If yes, BP Claim No.: | If yes, Claimant Identification No.: |

**Claim Type (Please check all that apply):**

☐ Damage or destruction to real or personal property
✓ Earnings/Profit Loss
☐ Personal Injury/Death

☐ Fear of Future Injury and/or Medical Monitoring
☐ Loss of Subsistence use of Natural Resources
☐ Removal and/or clean-up costs
☐ Other: _____

---

[1] This form should be filed with the U.S. District Court for the Eastern District of Louisiana in New Orleans, Louisiana in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

1

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

   See Attachment A

2. For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

3. For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

2

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

Please check the box(es) below that you think apply to you and your claims:
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- [ ] 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- [ ] 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- [ ] 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- [x] 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- [ ] 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- [ ] 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- [ ] 7. Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- [ ] 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- [ ] 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- [ ] 10. Person who utilizes natural resources for subsistence.
- [ ] 11. Other: _____

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

- [ ] 1. Boat captain or crew involved in the Vessels of Opportunity program.
- [ ] 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- [ ] 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- [ ] 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- [ ] 5. Resident who lives or works in close proximity to coastal waters.
- [ ] 6. Other: _____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_/s/_____
Claimant or Attorney Signature

John S. Creevy
Print Name

4/19/13
Date

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

Attachment A

David Harter, has an individual ownership interest Cameron Fisheries, LLC which suffered economically due to the BP Oil Spill. At the time of the oil spill, Cameron Fisheries, LLC was prepared to begin operation of a large development in Cameron Parish, Louisiana. David Harter was to be compensated for his efforts in obtaining Federal and state grants for the development of the Cameron Square Waterfront Development to assist the development of the seafood processing facility operated by Cameron Fisheries, LLC. Following the oil spill and its devastating impact on the fishing industry in Cameron Parish, Cameron Fisheries, LLC lost income from a planned arrangement to sell private label Gulf shrimp to Whole Foods Companies for distribution in its grocery stores. This foreseeable consequence to the oil spill caused significant losses to David Harter personally. Additionally, the foreseeable significant adverse economic impact on the region prevented David Harter from obtaining the compensation he was to receive for his instrumental efforts in obtaining municipal, parish, state and federal grants and tax credit bonds for further development of the property.  Because of the Oil Spill, David Harter was prevented from completing his undertakings and lost these fees and income.  He has lost future income from his 18% equity interest in the Cameron Fisheries, LLC.  He has also lost business opportunities and future profits from the five years of his time and life's energy that he put into the project, all of which was rendered valueless by the Oil Spill.  His relationship with Whole Food Companies and other purchasers of seafood have been damaged and cannot be resurrected.   David Harter has also incurred significant costs and attorney fees to present this claim.