# EXHIBIT "A"

## DESCRIPTION AND STATEMENT OF FACTS

1. Plaintiff, Monolith Emerald Coast, LLC d/b/a Bluewater Expeditions, is a Limited Liability Company registered to do business in the State of Alabama.

2. Plaintiff was a charter fishing business with its principal place of business in Orange Beach, Alabama.

3. On or around March 2010, Plaintiff purchased the necessary vessel and equipment, and completed the documents necessary to start up a charter fishing operation in Orange Beach, Alabama. Plaintiff's fishing grounds included the Gulf of Mexico waters off the coast of Alabama and Florida.

4. On or about late March 2010, Plaintiff commenced its first charter fishing trip. Thereafter, Plaintiff's charter fishing business flourished and successfully booked and completed numerous additional charter fishing excursions until the oil spill devastated the local Gulf of Mexico coastal economies.

5. After the oil spill, Plaintiff's business traffic plummeted, and in an attempt to mitigate its damages, Plaintiff temporarily relocated its business further east to Stuart, Florida, but Plaintiff could not sustain its business given the oil spill's impact to Gulf Coast tourism and fishing industry.

6. Ultimately, the economic losses caused by the oil spill rendered Plaintiff's business unrecoverable, and Plaintiff was forced to completely cease operations in early 2011, and sold his vessel at a significant loss.

7. As a direct consequence of the oiling of Plaintiff's fishing grounds, fishing closures, public apprehension about the safety of the Gulf seafood, and decrease in customer

traffic to the Gulf States, Plaintiff suffered economic losses attributed to the oil spill, including but not limited to:

    i. Past, present and future economic losses associated with the spill;

    ii. Damages in the form of attorneys' fees associated with, and as a direct consequence of, the spill;

    iii. The total cost of any and all assessments of damage incurred by the Plaintiff as a result of the spill;

    iv. This list is by no means exhaustive. There are many other forms of harm or damage from the spill that are unknown, and the Plaintiff reserves the right to make amend his complaint as additional information becomes available.

8. On May 18, 2010, Plaintiff presented a claim to the BP Claims Center in Foley, Alabama, and was paid a minimal amount.

9. On November 2, 2010, Plaintiff presented a substantiated claim with a sum certain amount to the Gulf Coast Claims Facility, the official claims processing unit set up by BP to compensate claimants for losses associated with the spill. Plaintiff was paid only a fraction of his claimed amount.

10. On January 18, 2013, Plaintiff presented a second substantiated claim directly to the BP claims center with a sum certain amount for full resolution of the claim. To date, more than 90 days has passed since Plaintiff's presentment of claim, and BP has failed to meaningfully negotiate or resolve this claim.

## RESERVATION OF RIGHTS

### *Litigation History and Right to File Amendments*

11. To facilitate the efficient and effective management of this litigation, the Eastern District of Louisiana created Civil Action no. 10-8888 for the purpose of simultaneously filing

Short Claim Forms ("Short-Form Joinder) in the Limitation (Case No. 10-2771) and in MDL 2179 (Case No. 10-md-2179).  *See* Pre-Trial Order 24.  Thereafter, Pre-Trial Order 42 amended Pre-Trial Order 24 to permit and effectuate the efficient amendment or dismissal of Short-Form Joinders in Civil Action no. 10-8888.

12. On March 7, 2011, Plaintiff filed its initial Short-Form Joinder / lawsuit pursuant to Pre-Trial Order 24, thereby simultaneously joining into the MDL and the Limitation Action pending before this Court. This Amended Joinder is filed in accordance with the Court's Pre-Trial Order.

13. Plaintiff reserves the right to amend this Complaint and/or file additional complaints to supplement Plaintiff's present claims or assert additional claims against the Defendants named herein and/or against any additional parties.

### *Right to a Trial by Jury*

14. Plaintiff demands a jury trial for any and all claims pleaded herein in which a jury trial is available by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

1. Economic and compensatory damages in amounts to be determined at trial;
2. Punitive Damages;
3. Pre-judgment and post-judgment interest at the maximum rate allowable by law;
4. Reasonable claims preparation expenses;
5. Attorneys' fees;
6. Costs of litigation; and

7. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.