# EXHIBIT "A"

## DESCRIPTION AND STATEMENT OF FACTS

1. Plaintiff, Van Lierop Insurance Services, Inc. is a corporation domiciled in and registered to do business in the State of Florida.

2. Plaintiff is a commercial and residential insurance agency that conducts business at three separate locations along the Florida Gulf Coast Region – Marianna, Blountstown, and Port St. Joe.

3. Plaintiff provides a wide array of insurance services including, but not limited to, general liability, worker's compensation, automobile, group health insurance, and property coverage.

4. Plaintiff's customers include, but are not limited to, restaurants, charter and commercial fishing businesses, rental agencies, and individuals who rent their property.

5. Plaintiff's business is tied directly to the economic activity in the Florida Gulf Coast region.

6. As a direct result of the oil spill's immense negative economic impact to the Gulf of Mexico's Coastal Region, businesses within the region suffered significant economic losses.

7. Plaintiff, as a business with direct ties to the Gulf of Mexico's Coastal business economy, suffered, and continues to suffer, economic losses attributed to the oil spill, including but not limited to:

   i. Past, present and future economic losses associated with the spill;

   ii. Damages in the form of attorneys' fees associated with, and as a direct consequence of, the spill;

   iii. The total cost of any and all assessments of damage incurred by the Plaintiff as a result of the spill;

    iv. This list is by no means exhaustive. There are many other forms of harm or damage from the spill that are unknown, and the Plaintiff reserves the right to make amend his complaint as additional information becomes available.

  8. On or around November 8, 2010, Plaintiff presented a claim to the Gulf Coast Claims Facility, the official claims processing unit set up by BP to compensate claimants for losses associated with the spill. Plaintiff was never reimbursed under this claim for its losses associated with the spill.

  9. On or around April 11, 2011, Plaintiff presented a substantiated claim with a sum certain amount to the Gulf Coast Claims Facility, the official claims processing unit set up by BP to compensate claimants for losses associated with the spill. Plaintiff was never reimbursed for its losses associated with the spill under this claim.

  10. On January 16, 2013, Plaintiff presented a substantiated claim with the BP claims center for a sum certain amount and a full release of damages. To date, more than 90 days since Plaintiff's presentment of claim, BP has failed to meaningfully negotiate or resolve this claim.

## RESERVATION OF RIGHTS

*Litigation History and Right to File Amendments*

  11. To facilitate the efficient and effective management of this litigation, the Eastern District of Louisiana created Civil Action no. 10-8888 for the purpose of simultaneously filing Short Claim Forms ("Short-Form Joinder) in the Limitation (Case No. 10-2771) and in MDL 2179 (Case No. 10-md-2179). *See* Pre-Trial Order 24. Thereafter, Pre-Trial Order 42 amended Pre-Trial Order 24 to permit and effectuate the efficient amendment or dismissal of Short-Form Joinders in Civil Action no. 10-8888.

12. On February 25, 2012, Plaintiff filed its initial Short-Form Joinder / lawsuit pursuant to Pre-Trial Order 24, thereby simultaneously joining into the MDL and the Limitation Action pending before this Court. This Amended Joinder is filed in accordance with the Court's Pre-Trial Order.

13. Plaintiff reserves the right to amend this Complaint and/or file additional complaints to supplement Plaintiff's present claims or assert additional claims against the Defendants named herein and/or against any additional parties.

### *Right to a Trial by Jury*

14. Plaintiff demands a jury trial for any and all claims pleaded herein in which a jury trial is available by law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

1. Economic and compensatory damages in amounts to be determined at trial;
2. Punitive Damages;
3. Pre-judgment and post-judgment interest at the maximum rate allowable by law;
4. Reasonable claims preparation expenses;
5. Attorneys' fees;
6. Costs of litigation; and
7. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.