Case 2:10-cv-08888-CJB-JCW Document 133641 Filed 04/20/13 Page 1 of 8
Case 2:10-md-02179-CJB-SS Document 43541 Filed 09/16/11 Page 1 of 4

39867239
Sep 16 2011
4:09PM

# IN RE: OIL SPILL by "Deepwater Horizon"
# AMENDMENT TO DIRECT FILING SHORT FORM (or PLAINTIFF PROFILE FORM)

Authorized by Order of the Court, Civil Action No. 10-md-2179 Rec. Doc. 4043
(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)

**Please include any information that adds to or is different from your original Short Form or Plaintiff Profile Form.**
*(It will be presumed, for all spaces left blank on this form, that the information is the same.)*

| MDL 2179 and Civil Action No. 10-2771 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

**CLAIM IN LIMITATION / JOINDER IN MASTER ANSWER / INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE AMENDMENT FORM**

By submitting this document, I, or the business I am authorized to act for, hereby amend the claims or information provided in the Short Form (or Plaintiff Profile Form) identified below.

**Short Form** filed? YES ■ NO ☐

**If yes, list your Original Short Form Document Number** (this is the document filing number to you upon filing your Short Form with the Court).

Short Form Document No.: 205 (filed in No. 10-8888).

**Plaintiff Profile Form** served? YES ☐ NO ■

**If yes, list your "LexisNexis® File & Serve" Number** (this is the 8-digit number stamped on the Plaintiff Profile Form when it is filed on LexisNexis® File & Serve).

LexisNexis® File & Serve No.: _____

**If yes, please provide the following information about your original case:**

Original Case Caption: _____
Original Civil Action No.: _____
Originating Court: _____
EDLA Civil Action No.: _____

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| McGriff | Elizabeth | | |

| Phone Number | E-Mail Address |
|---|---|
| (251) 928-0021 | |

| Address | City / State / Zip |
|---|---|
| Post Office Box 147 | Montrose, Alabama 36559 |

| INDIVIDUAL CLAIM ✓ | BUSINESS CLAIM ☐ |
|---|---|
| Employer Name: n/a | Business Name: |
| Job Title / Description: property owner | Type of Business: |
| Address: Post Office Box 147 | Address: |
| City / State / Zip: Montrose, Alabama 36559 | City / State / Zip: |

---

[1] **If amending a Short Form**, this form should be filed with the U.S. District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, in Civil Action No. 10-8888. **If amending a Plaintiff Profile Form**, this form should be served on all counsel using LexisNexis® File & Serve, as provided in Pre-Trial Order No. 12 [Doc. 600].

| Last 4 digits of Social Security Number 9310 | Last 4 digits of Tax ID Number |
|---|---|
| Attorney Name (if applicable) Christopher D. Boutwell | Firm Name (if applicable) Beasley Allen Law Firm |
| Address Post Office Box 4160 | City / State / Zip Montgomery, Alabama 36103-4160 |
| Phone Number (334) 269-2343 | E-Mail Address chris.boutwell@beasleyallen.com |
| Claim filed with BP?  YES ☑  NO ☐ <br> If yes, list BP Claim No.: 1006576-01 | Claim Filed with GCCF?  YES ☐  NO ☑ <br> If yes, list Claimant Identification No.: _____ |

**Claim Type (Please check all that apply):**

☑ Damage or destruction to real or personal property
☑ Earnings/Profit Loss
☐ Personal Injury/Death
☐ Fear of Future Injury and/or Medical Monitoring
☐ Loss of Subsistence use of Natural Resources
☐ Removal and/or clean-up costs
☐ VoO Charter Dispute
☑ Other _____ Loss of property value _____

2

**Brief Description:**

1. **For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.**

   For a description of the nature of Plaintiff's injury, please see Attachment "A" to this Form.

   \* Plaintiff, Elizabeth McGriff, has filed a Complaint for damaged in the US District Court for the Eastern District of Louisiana. Out of an abundance of caution, Plaintiff hereby amends its original Short Form Joinder as stated herein and in Attachment "A."

   \*\* To the extent required by law, Plaintiff has satisfied all administrative requirements of 33 U.S.C § 2713 (a) and (b) by presentment of their notice of claim to the responsible party. Therefore, out of an abundance of caution, Plaintiff amends its original Short Form Joinder as stated herein and in Attachment "A."

2. **For personal injury claims, describe the injury, as well as how and when it was sustained. Also, Bundle A plaintiffs should identify all health care providers from January 1, 2008 to present, and complete authorizations for release of medical records for each. Bundle B3 plaintiffs should identify all health care providers from April 20, 2010 to present, and complete authorizations for release of medical records for each. Bundle A plaintiffs should also identify all employers from January 1, 2008 to present and complete authorizations for release of employee/personnel records for each employer. Bundle B3 plaintiffs should identify all employers from January 1, 2010, and provide authorizations, if your personal injury took place after April 20, 2010 and you are claiming damages for lost work-time as a result of those personal injuries.[2] [Additional authorizations may be required.]**

3. **For post-explosion claims related to clean-up or removal, include your role or your business's role in the clean-up activities, the name of your employer (if applicable), and where you were working.**

---

[2] All authorization forms should be sent directly to Liskow & Lewis, One Shell Square, 701 Poydras Street, Suite 5000, New Orleans, LA 70139-5099, or served on all counsel using LexisNexis® File & Serve, as provided in Pre-Trial Order No. 12 [Doc. 600]. Any and all documents obtained in connection with these authorizations shall be treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 13), and subject to full copies of same being made available to the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

Please check the box(es) below that you think apply to you and your claims:
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- [ ] 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- [ ] 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- [ ] 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- [ ] 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- [ ] 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- [ ] 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- [x] 7. Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- [ ] 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- [ ] 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- [ ] 10. Person who utilizes natural resources for subsistence.
- [x] 11. Other: loss of profits and real estate value

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Clean-Up (Bundle B3)**

- [ ] 1. Boat captain or crew involved in the Vessels of Opportunity program.
- [ ] 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- [ ] 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- [ ] 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- [ ] 5. Resident who lives or works in close proximity to coastal waters.
- [ ] 6. Other: _____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 13), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

/s/Christopher D. Boutwell
Claimant or Attorney Signature

Christopher D. Boutwell
Print Name

April 20, 2013
Date

## ATTACHMENT "A"

### The Economic Impact of the Oil Spill and Injuries to Plaintiff

1. The Oil Spill has and continues to impact the Gulf Coast's and Alabama's shorelines and coastal areas, threatening Plaintiff's livelihoods, business operations, real and personal property, and/or value of real property.

2. On the Gulf Coast, the real estate industry, including construction, sales, and rentals, are closely tied to and depends upon the tourism industry for their success.

3. According to a report prepared by Oxford Economics for the U.S. Travel Association, "[t]ourism is one of the top economic drivers in the Gulf region" and "the real estate sector and rental income are highly tied to the tourism industry. More than 459,000 homes along the Gulf are for seasonal or recreational use, representing 7 percent of all homes in the congressional districts along the shore. The [Oil Spill] puts into jeopardy not only rental income and the ancillary spending of guests, but also real estate values."

4. A study published by the University of South Alabama Center for Real Estate Studies reported, "Once the spill occurred, the local [real estate] owners reported immediately the sudden decline in buying activity."

5. In an article written by a communications specialist with the Appraisal Institute, Escambia County Florida's Property Appraiser noted that the Oil Spill kept "tourists and potential homeowners" away from the region.

6. In a survey of Gulf Coast real estate professionals conducted by Clear Capital, one in four respondents reported an negative impact on the real estate sales market after the Oil Spill with many reporting that the Oil Spill caused home sales along the Gulf Coast to come to a "halt." Fifty percent of respondents reported a decrease in housing values following the Oil

Spill. Moreover, data from this survey indicated that the negative impact was not limited to Gulf-front properties or properties suffering physical property damage from the Oil Spill.

7.  USA Today reported that along the Gulf Coast "[s]ome residential and commercial development deals have fallen apart, and realtors and brokers have watched demand falter as some buyers balk."

8.  The Oil Spill and the Spill response have also caused damage to real property situated along the Gulf Coast resulting in physical damage and diminution in property values.

9.  As of April 20, 2010, Plaintiff owned a parcel of residential real property located near the Gulf of Mexico in Gulf Shores, at 6890 Palmetto Drive, Gulf Shores, Baldwin County, Alabama.

10. As a direct and foreseeable result of the Oil Spill, Plaintiff, an Alabama resident suffered lost profits as a result of the reduction in the sales price of her property.

11. The Oil Spill has had an enormous negative effect on the marketability, sale price, and value of homes on the Gulf of Mexico – including real property directly on the coast as well as properties located near the coast. Specifically, Claimants' real property suffered an enormous reduction in appraised value from just prior to the Oil Spill to the time it sold.

12. Plaintiff timely opted-out of the Economic and Property Damages Settlement, and, as such, is excluded from the Economic Class.

13. On April 1, 2010, less than three weeks before the spill Plaintiff's parcel of real property was appraised at $270,000.

14. On or about October 12, 2011, Claimants entered into a contract for the sale of the subject property.

15. As a direct and foreseeable result of the Oil Spill, the sales price of Plaintiff's

property was substantially lower than the appraised value and actual value of the property.

16. The sale closed on October 20, 2011.

17. Therefore, as a direct and foreseeable result of the Oil Spill, Claimant has suffered damages and economic injuries, including: loss in the value of Plaintiff's real property; reduction in sale price of Plaintiff's real property; costs to mitigate Plaintiff's damages; costs to assess Plaintiff's damages; carrying costs; and other losses and damages.

## "PRESENTMENT" UNDER OPA

18. To the extent required by law, and/or by consent and/or stipulation by BP, Plaintiffs have satisfied, or will have satisfied, all of the administrative requirements of 33 U.S.C. §§ 2713(a) and (b) by the submission of their claims to the BP OPA Claims Program, the Deepwater Horizon Court-Supervised Settlement Program and/or the Gulf Coast Claims Facility.

19. In particular, on January 17, 2013, Plaintiff submitted a completed "BP Claims Program – Claim Form for Individuals and Businesses" and a Notice of Claim packet including a "sum certain" damage amount, a description of the incident and claim, and supporting documentation to BP as the "responsible party" under OPA via e-mail to the email address provided by the BP Claims Program, and followed by sending a hardcopy of all documents to the responsible party via US Mail.

20. BP denied Plaintiff's claim.

21. BP did not settle Plaintiff's claim by payment within 90 days of presentment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

1. Economic and compensatory damages in an amount to be determined at trial;

2. Punitive Damages;

3. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

4. Reasonable claims preparation expenses;

5. Attorneys' fees;

6. Costs of litigation; and

7. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

## **RESERVATION OF RIGHTS**

### *Right to a Trial by Jury*

Plaintiff demands a jury trial for any and all claims pleaded herein in which a jury trial is available by law.

### *Right to File Amendments*

Plaintiff reserves the right to amend this complaint and/or file additional complaints to supplement Plaintiff's present claims or assert additional claims against the Defendants named herein and/or against any additional parties.