

Sep 16 2011
4:09PM

# IN RE: OIL SPILL by "Deepwater Horizon"
# AMENDMENT TO DIRECT FILING SHORT FORM (or PLAINTIFF PROFILE F[...])

Authorized by Order of the Court, Civil Action No. 10-md-2179 Rec. Doc. 4043
(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)

**Please include any information that adds to or is different from your original Short Form or Plaintiff Profile Form.**
*(It will be presumed, for all spaces left blank on this form, that the information is the same.)*

| MDL 2179 and Civil Action No. 10-2771 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

### CLAIM IN LIMITATION / JOINDER IN MASTER ANSWER / INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE AMENDMENT FORM

By submitting this document, I, or the business I am authorized to act for, hereby amend the claims or information provided in the Short Form (or Plaintiff Profile Form) identified below.

**Short Form** filed?   YES ■   NO ☐

If yes, list your Original Short Form Document Number (this is the document filing number to you upon filing your Short Form with the Court).

Short Form Document No.: **58914** (filed in No. 10-8888).

**Plaintiff Profile Form** served?   YES ☐   NO ☐

If yes, list your "LexisNexis® File & Serve" Number (this is the 8-digit number stamped on the Plaintiff Profile Form when it is filed on LexisNexis® File & Serve).

LexisNexis® File & Serve No.: _____

If yes, please provide the following information about your original case:

Original Case Caption: _____
Original Civil Action No.: _____
Originating Court: _____
EDLA Civil Action No.: _____

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
|  |  |  |  |

| Phone Number | E-Mail Address |
|---|---|
|  |  |

| Address | City / State / Zip |
|---|---|
|  |  |

| **INDIVIDUAL CLAIM** ☐ | **BUSINESS CLAIM** ✓ |
|---|---|
| Employer Name | Business Name **Joseph Fetterman** |
| Job Title / Description | Type of Business **Investment Property Owner** |
| Address | Address **816 Oak Ridge Road** |
| City / State / Zip | City / State / Zip **Bryn Mawr, PA 19010** |

---

[1] If amending a Short Form, this form should be filed with the U.S. District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, in Civil Action No. 10-8888.   **If amending a Plaintiff Profile Form**, this form should be served on all counsel using LexisNexis® File & Serve, as provided in Pre-Trial Order No. 12 [Doc. 600].

1

| Last 4 digits of Social Security Number | Last 4 digits of Tax ID Number 9092 |
|---|---|
| Attorney Name (if applicable) Allison E. White | Firm Name (if applicable) Cunningham Bounds, LLC |
| Address P. O. Box 66705 | City / State / Zip Mobile, AL 36660 |
| Phone Number 251-471-6191 | E-Mail Address aew@cunninghambounds.com |

| Claim filed with BP?   YES ☐ NO ☑ | Claim Filed with GCCF?   YES ☐ NO ☑ |
|---|---|
| If yes, list BP Claim No.: _____ | If yes, list Claimant Identification No.: _____ |

**Claim Type (Please check all that apply):**

☑ Damage or destruction to real or personal property
☑ Earnings/Profit Loss
☐ Personal Injury/Death
☐ Fear of Future Injury and/or Medical Monitoring
☐ Loss of Subsistence use of Natural Resources
☑ Removal and/or clean-up costs
☐ VoO Charter Dispute
☐ Other _____

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

See attached Complaint

2. For personal injury claims, describe the injury, as well as how and when it was sustained. Also, Bundle A plaintiffs should identify all health care providers from January 1, 2008 to present, and complete authorizations for release of medical records for each. Bundle B3 plaintiffs should identify all health care providers from April 20, 2010 to present, and complete authorizations for release of medical records for each. Bundle A plaintiffs should also identify all employers from January 1, 2008 to present and complete authorizations for release of employee/personnel records for each employer. Bundle B3 plaintiffs should identify all employers from January 1, 2010, and provide authorizations, if your personal injury took place after April 20, 2010 and you are claiming damages for lost work-time as a result of those personal injuries.[2] [Additional authorizations may be required.]

3. For post-explosion claims related to clean-up or removal, include your role or your business's role in the clean-up activities, the name of your employer (if applicable), and where you were working.

---

[2] All authorization forms should be sent directly to Liskow & Lewis, One Shell Square, 701 Poydras Street, Suite 5000, New Orleans, LA 70139-5099, or served on all counsel using LexisNexis® File & Serve, as provided in Pre-Trial Order No. 12 [Doc. 600]. Any and all documents obtained in connection with these authorizations shall be treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 13), and subject to full copies of same being made available to the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

Please check the box(es) below that you think apply to you and your claims:

**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- [ ] 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- [ ] 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- [ ] 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- [ ] 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- [ ] 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- [ ] 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- [x] 7. Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- [ ] 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- [ ] 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- [ ] 10. Person who utilizes natural resources for subsistence.
- [ ] 11. Other: _____

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Clean-Up (Bundle B3)**

- [ ] 1. Boat captain or crew involved in the Vessels of Opportunity program.
- [ ] 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- [ ] 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- [ ] 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- [ ] 5. Resident who lives or works in close proximity to coastal waters.
- [ ] 6. Other: _____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 13), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_Allison E. White_
Claimant or Attorney Signature

Allison E. White
Print Name

4/17/13
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Joseph B. Fetterman, Daniel J. Fetterman, Debra Fetterman Press, Dr. Sharon Fetterman Green, and Iris Fetterman Klein<br><br>Plaintiffs,<br><br>vs.<br><br>BP Exploration & Production, Inc.; BP America Production Company; Halliburton Energy Services, Inc.; and Sperry Drilling Services, a division of Halliburton Energy Services, Inc.<br><br>Defendants. | CIVIL ACTION NO. 2:13-2370<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

**NOW COME PLAINTIFFS,** Joseph B. Fetterman, Daniel J. Fetterman, Debra Fetterman Press, Dr. Sharon Fetterman Green, and Iris Fetterman Klein, through undersigned counsel, who allege, aver and represent as follows:

### Nature of the Action

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiffs have suffered economic injury, damage and/or losses as a result of the oil spill.

### THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff Joseph B. Fetterman is an individual who is a resident of the age of majority of Pennsylvania.

1

4. Plaintiff Daniel J. Fetterman is an individual who is a resident of the age of majority of New York.

5. Plaintiff Debra Fetterman Press is an individual who is a resident of the age of majority of Texas.

6. Plaintiff Dr. Sharon Fetterman Green is an individual who is a resident of the age of majority of Tennessee.

7. Plaintiff Iris Fetterman Klein is an individual who is a resident of the age of majority of Alabama.

8. Plaintiffs bring these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

9. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction.

10. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

11. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois.  BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714.  This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

12. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal

jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

13. BP Exploration and BP America are generally referred to herein collectively as the "BP Defendants" or "BP."

14. Defendant, Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton is registered to do and does business in the State of Louisiana. Halliburton provided engineering services, materials, testing, mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations.

15. Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools. Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, and pressure fluctuations. "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division.

16. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiffs in this jurisdiction.

**Factual Background**

17. Plaintiffs adopt and incorporate as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

18. Plaintiffs further adopt and incorporate as if restated herein all factual allegations and information contained in the Direct Filing Short Form/Short Form Joinder, Rec. Doc. No. 58914 (Joseph Fetterman), No. 58909 (Daniel Fetterman), No. 58938 (Debra Fetterman Press), No. 58917 (Dr. Sharon Fetterman Green), and No. 58921 (Iris Fetterman Klein), filed by Plaintiffs into No. 10-8888.

19. Plaintiffs further adopt and incorporate as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, .2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

20. Plaintiffs own 7½ acres of land on the west end of Gulf Shores, Alabama with 400 feet on the Gulf of Mexico. Plaintiff's property is also described as Baldwin County, Alabama Parcel Number 69-08-01-0-002-001.000.

21. Plaintiffs' real property has been physically contaminated by oil from the *Deepwater Horizon* oil spill and dispersant chemicals from the oil spill clean-up operations. Oil from the *Deepwater Horizon* spill has repeatedly washed up on the property. As reported by the Unified Command, oil from the spill is located on the Gulf beaches above mean high tide and no current effort is underway to clean the contaminated beaches. In addition, an oily spray has blown onto the property causing further contamination. Tar mats remain off the beach, and tar balls routinely wash onto Plaintiff's property. Because oil remains in the Gulf offshore from the property, contamination will likely continue to occur in the future.

22. With 400 feet on the Gulf, Plaintiffs' property is one of the largest undeveloped Gulf

front parcels on the entire west side of Gulf Shores. Prior to the oil spill, this unique parcel had excellent development value and future revenue potential. The contamination and the negative economic impact caused by the oil spill have severely damaged this unique property and its development value for the foreseeable future. As a result of the oil spill, the property is not suitable for investment use or development in its present state and will require extensive restoration/remediation efforts. Thus, the property has depreciated significantly in value and Plaintiffs have lost profits and experienced an impairment of earning capacity from their inability to develop or sell their real property due the oil spill.

23. Plaintiffs, out of an abundance of caution, made and/or re-made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of the claim with a "sum certain" and supporting documentation to BP as the "responsible party" under OPA via email to BPClaimsProgram@bp.com, on or about January 21, 2013.

24. Because Plaintiffs previously asserted a claim against the responsible party through their prior Short Form Joinders, the presentment on or about January 21, 2013 was made (and/or re-made) out of an abundance of caution.

25. BP either denied the claim or otherwise failed to satisfy the claim within 90 days of presentment.

## Claims for Relief

26. Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints and their Short Form Joinders, Rec. Doc. No. 58914 (Joseph Fetterman), No. 58909 (Daniel Fetterman), No. 58938 (Debra Fetterman Press), No.

58917 (Dr. Sharon Fetterman Green), and No. 58921 (Iris Fetterman Klein), against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

    a. Loss of Natural Resources;

    b. Loss or Damage to Real or Personal Property;

    c. Subsistence Use;

    d. Loss of Revenues;

    e. Loss of Profits and/or Earning Capacity; and

    f. Loss of Public Services.

27. Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints and their Short Form Joinders, Rec. Doc. No. 58914 (Joseph Fetterman), No. 58909 (Daniel Fetterman), No. 58938 (Debra Fetterman Press), No. 58917 (Dr. Sharon Fetterman Green), and No. 58921 (Iris Fetterman Klein), against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

    a. Negligence; and

    b. Gross Negligence and Willful Misconduct.

28. Plaintiffs adopt and incorporate as if restated herein, all claims for relief raised in the MDL Complaints and their Short Form Joinders, Rec. Doc. No. 58914 (Joseph Fetterman), No. 58909 (Daniel Fetterman), No. 58938 (Debra Fetterman Press), No. 58917 (Dr. Sharon Fetterman Green), and No. 58921 (Iris Fetterman Klein), against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or

gross negligence as alleged and described in the MDL Complaints.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, and *in solido,* as follows:

a. Economic and compensatory damages in amounts to be determined at trial;

b. Punitive Damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d. Reasonable claims preparation expenses;

e. Attorneys' fees;

f. Costs of litigation; and

g. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.


Date: _04-22-2013____

/s/ Allison E. White_____
**Allison E. White,** La. Bar No. 32957
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama 36660
Phone: 251-471-6191
Fax: 251-479-1031
E-mail: aew@cunninghambounds.com


Of Counsel:
**Robert T. Cunningham**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama 36660
Phone: 251-471-6191
Fax: 251-479-1031
E-mail: rtc@cunninghambounds.com

7

**Steven L. Nicholas**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sln@cunninghambounds.com

**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sco@cunninghambounds.com