*Amended Short Form Joinder*

# IN RE: OIL SPILL by "Deepwater Horizon"
# DIRECT FILING SHORT FORM[1]

Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982
(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)

| MDL 2179 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

**CLAIM IN LIMITATION--JOINDER IN MASTER ANSWER--INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE FORM**

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Geraci | Stacy | John | |

| Phone Number | E-Mail Address |
|---|---|
| (504) 228-0749 | |

| Address | City / State / Zip |
|---|---|
| 4125 Hopedale Hwy | Saint Bernard, LA 70085 |

| INDIVIDUAL CLAIM | ✓ | BUSINESS CLAIM | ☐ |
|---|---|---|---|

| Employer Name | Business Name |
|---|---|
| Self-Employed | |

| Job Title / Description | Type of Business |
|---|---|
| Licensed Commercial Fisherman/Oysterman | |

| Address | Address |
|---|---|
| 4125 Hopedale Hwy | |

| City / State / Zip | City / State / Zip |
|---|---|
| St. Bernard, LA, 70085 | |

| Last 4 digits of your Social Security Number | Last 4 digits of your Tax ID Number |
|---|---|
| 1990 | |

| Attorney Name | Firm Name |
|---|---|
| Kevin I. Goldberg | Goldberg, Finnegan & Mester LLC |

| Address | City / State / Zip |
|---|---|
| 1010 Wayne Avenue Suite 950 | Silver Spring, MD 20910 |

| Phone Number | E-Mail Address |
|---|---|
| (301) 589-2999 | kgoldberg@gfmlawllc.com |

| Claim filed with BP? | YES ☐ NO ✓ | Claim Filed with GCCF?: | YES ✓ NO ☐ |
|---|---|---|---|
| If yes, BP Claim No.: | | If yes, Claimant Identification No.: | 1619334 |

**Claim Type (Please check all that apply):**

- ✓ Damage or destruction to real or personal property
- ✓ Earnings/Profit Loss
- ☐ Personal Injury/Death
- ✓ Fear of Future Injury and/or Medical Monitoring
- ✓ Loss of Subsistence use of Natural Resources
- ☐ Removal and/or clean-up costs
- ✓ Other: Economic Loss and damage to business

*Plaintiff made presentment to BP in September 2011 and demanded sum certain of $475,300 to resolve OPA claims see attached.*

---

[1] This form should be filed with the U.S. District Court for the Eastern District of Louisiana in New Orleans, Louisiana in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 In MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

1

The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

I am a self-employed Oysterman. I have lost earnings because oystering has been closed since May 2010.

My waterfront property at 4125 Hopedale in St. Bernard, La. on Bayou LaLoutre has lost its value.

For vacation and recreational fishing and boating, my family and I go to Lake Borne, Black Bay, Lake Robin,

Lake Machias, Dead Man's Bayou, Fishing Smack, Shell Lake, Lake One Hundred, Bay Boudreaux, Lake Eloi

Lawson Bay, Lake Eugene, Keelboat Pass, Christmas Camp Lake, Lake of Maroons, Bayou Raymond

Lake of Two Trees, Stump Lagoon, Four Horse Lake, Lake Campo, Bay Gardene, Hell Lake, Point Fortune,

Bretton Sound, Morgan Harbor, Scow Pass, Carako Bay, Three Mile Bay, Nine Mile Bay and Shell Beach.

2. For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

I fear that I will need medical care and/or medical monitoring as a result of exposure to oil and dispersant.

3. For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

I worked for the vessel of opportunity program. My own vessel was used as a communication boat.

2

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

Please check the box(es) below that you think apply to you and your claims:
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- [x] 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- [ ] 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- [ ] 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- [ ] 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- [x] 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- [ ] 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- [x] 7. Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- [ ] 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- [ ] 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- [x] 10. Person who utilizes natural resources for subsistence.
- [x] 11. Other: Licensed Commercial Fisherman - damage to business interests he built up since Hurricane Katrina. Lost opportunity to work.

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

- [x] 1. Boat captain or crew involved in the Vessels of Opportunity program.
- [ ] 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- [ ] 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- [ ] 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- [x] 5. Resident who lives or works in close proximity to coastal waters.
- [ ] 6. Other: _____

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_____
Claimant or Attorney Signature

Kevin I. Goldberg, Attorney for Stacy J. Geraci
Print Name

7/28/11
Date

3

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

# GOLDBERG, FINNEGAN & MESTER, LLC
*Attorneys at Law*

Kevin I. Goldberg (MD, DC)
Kevin J. Finnegan (MD, DC)
Christian C. Mester (MD, DC)
Jean M. Jones, R.N., J.D. (MD, DC)
Curtis D. Cannon (MD, DC, VA)

**Main Office**
1010 Wayne Avenue
Suite 950
Silver Spring, Maryland 20910
(301) 589-2999   Fax (301) 589-2644

**Baltimore Area Office**
44 Westminster Road
Reisterstown, Maryland 21136

**Rockville Office**
401 East Jefferson Street
Suite 201
Rockville, Maryland 20850

Federal Tax ID No.
52-2029161

WWW.GFMJUSTICE.COM
Toll Free (888) 213-8140

Of Counsel
Maria H. Dawson, R.N., J.D. (MD)
Neil I. Jacobs (MD, DC)
Steven C. Rohan (MD, DC)

*Please respond to the Main Office*

September 6, 2011

Gulf Coast Claims Facility
Attn: Mr. Kenneth Feinberg
P.O. Box 9658
Dublin, Ohio 43017-4958

    My Client: Stacy Geraci/Owner of Little K.C.
    Claim #: 1619334

Dear Sir or Madam:

    Enclosed is the full review final payment claim for the above referenced claimant. The purpose of this submission is to resolve this Oil Pollution Act Claim with BP/The GCCF and to meet any "presentment" requirement contained in the Oil Pollution Act. Mr. Geraci currently has a pending Interim Payment Claim. All of the documents previously presented to BP and/or the GCCF are hereby incorporated by reference. This cover letter and the enclosed package of materials shall constitute formal "Presentment" as described and contemplated in the Oil Pollution Act.

    Since Mr. Geraci's Emergency Payment Claim was denied, I will take this opportunity to explain why Mr. Geraci is entitled to compensation under the Oil Pollution Act, and under the GCCF Claims Process. Mr. Geraci has been a commercial fisherman and oysterman for all of his life. In 1996 he upgraded from a 37 foot boat to a 60 foot boat named "Little K.C." so that all of his fishing could be geared towards oyster harvesting. Although Mr. Geraci does not own any oyster leases himself, he has always had written permission to dredge/harvest oysters on leases owned by other individuals---mostly those owned by the Robin Seafood Company and its family members. He typically would sell his oyster catch to Robin Seafood Company.

    In 2005 Hurricane Katrina struck Louisiana and it literally wiped away the homes of Mr. Geraci and the homes of most of his family and friends. After the hurricane, oyster harvesting

came to a halt because of pollution in the waterways. Both the public reefs and private reefs were closed by the State of Louisiana. Although Mr. Geraci had been a fisherman for all of his life, in order to survive, feed his family, and help rebuild his community, after the hurricane, Mr. Geraci was able to add a barge attachment onto his boat (Little K.C.) and earned a living tugging partially destroyed boats and debris out of waterways and canals close to the Louisiana shoreline. Although Mr. Geraci always intended to return to oyster harvesting, from 2005-2008 he dedicated his efforts to the recovery of his home, community and the homes of his neighbors/friends after Hurricane Katrina. When he was not operating his barge to extricating stuck vessels from the water, he was rebuilding the houses and businesses that had been destroyed by the hurricane.

Mr. Geraci had rock-solid plans to work as an oyster farmer in 2010 and thereafter. He intended to use his boat—Little K.C.-and to hire his two sons Kaci Geraci and Cody Geraci as his deckhands. In fact, in early 2010 Mr. Geraci located fertile oyster lease grounds and had arranged with the lease holder Donald Lee Collins, Sr. to work his leases.[1] Had the oil spill not occurred, Mr. Geraci would have dredged and harvested the leases owned by Robin Seafood and Mr. Collins. As a result of the oil spill, Mr. Geraci has lost, and continues to lose income.

Mr. Geraci also owns real property which is directly on the waterfront. The address for that property is 4125 Hopedale Highway, St. Bernard, Louisiana 70085. As a result of the oil spill this property is believed to be worth approximately $100,000.00 less than it would be worth if the oil spill had not occurred.

In light of the foregoing, Mr. Geraci hereby presents his claim pursuant to the Oil Pollution Act and demands $475,300.00 to resolve his Oil Pollution Act Claim against BP.

Very truly yours,

Kevin I. Goldberg

---

[1] See letter from Mr. Collins signed and notarized 3/11/10 giving permission to work lease 272274 and lease 36035.

# GOLDBERG, FINNEGAN & MESTER, LLC
*Attorneys at Law*

Kevin I. Goldberg (MD, DC)
Kevin J. Finnegan (MD, DC)
Christian C. Mester (MD, DC)
Jean M. Jones, R.N., J.D. (MD, DC)
Curtis D. Cannon (MD, DC, VA)

*Of Counsel*
Maria H. Dawson, R.N., J.D. (MD)
Neil I. Jacobs (MD, DC)
Steven C. Rohan (MD, DC)

<u>Main Office</u>
1010 Wayne Avenue
Suite 950
Silver Spring, Maryland 20910
(301) 589-2999    Fax (301) 589-2644

<u>Baltimore Area Office</u>
44 Westminster Road
Reisterstown, Maryland 21136

<u>Rockville Office</u>
401 East Jefferson Street
Suite 201
Rockville, Maryland 20850

Federal Tax ID No.
52-2029161

WWW.GFMJUSTICE.COM
Toll Free (888) 213-8140

*Please respond to the Main Office*

December 27, 2011

Gulf Coast Claims Facility
Mr. Kenneth Feinberg, Administrator
PO Box 9658
Dublin, OH 43017-4958

## REQUEST FOR RE-REVIEW

My Client: Stacy Geraci, Owner Little KC
Claimant Number: 1619334

Dear Mr. Feinberg:

I hereby request a re-review on behalf of my client Stacy Geraci, Owner of Little KC. The reason for the re-review request is that the GCCF's November 29, 2011 determination letter miscalculated his claim, and failed to take into consideration submitted historical sales data and the impact of the Hurricane Katrina recovery on this claim.

This is a claim for a start up business. Mr. Geraci has been a commercial fisherman and oysterman for all of his life. In 1996 he upgraded from a 37 foot boat to a 60 ft. boat named "Little KC" so that all of his fishing could be geared towards oyster harvesting. When Hurricane Katrina struck Louisiana in 2005 it literally wiped away the homes of Mr. Geraci and the homes of most of his family and friends. After the hurricane, oyster harvesting came to a near halt because of pollution in the waterways. Both the public reefs and private reefs were closed by the State of Louisiana. Although Mr. Geraci had been a fisherman for all of his life, in order to survive, feed his family and help rebuild his community after the hurricane, Mr. Geraci was able to add a barge attachment to his boat and earned a living tugging partially destroyed boats and debris out of waterways and canals close to the Louisiana shoreline. Although Mr. Geraci always intended to return to oyster harvesting, from 2005-2008 he dedicated his efforts to the rebuilding of his home, community and the rebuilding of the homes

**GOLDBERG, FINNEGAN & MESTER, LLC**
*Attorneys at Law*

of his neighbors and friends. When he was not operating his barge to extricate stuck vessels he was rebuilding the houses and businesses that had been destroyed by the Hurricane.

Mr. Geraci had rock-solid palns to work as an oyster farmer in 2010 and thereafter. He intended to use his boat-Little KC-and to hire his two sons Kaci Geraci and Cody Geraci as his deckhands. In fact, in early 2010 Mr. Geraci located fertile oyster lease grounds and had arranged with the lease holder (Donald Collins) to work his leases. Had the oil spill not occurred, Mr. Geraci would have dredged and hargested the leases owend by Robin Seafood and Mr. Collins. As a result of the spill, Mr. Geraci has lost and continues to lose income.

In its November 29, 2011 Determination Letter The GCCF determined that Mr. Geraci qualified for compensation from the GCCF but that no lost profits had been established (resulting in a final payment offer amount of zero and an interim claim amount of zero). This conclusion is apparently based on GCCF's "Methodology" of looking solely at historical sales. The GCCF determination letter indicates that there were zero historical sales when in fact substantial documentation was provided showing prior historical sales for Mr. Geraci from 1999-2004 (the time period before Hurricane Katrina). We are requesting this re-review because we believe that this historical sales data (LDWF Landings Data), and the background regarding how the Hurricane Katrina recovery impacted this claim, were not taken into consideration by the GCCF.

Attached hereto are the following materials that we ask GCCF to take into consideration and this claim is Re-Reviewed:

1. Signed Re-Review Election Form
2. Letter to GCCF dated September 6, 2011
3. Letter to GCCF dated October 20, 2011
4. Historical Sales Data/LDWF Landings Reports for 1999-2004
5. Projected Financial Statements for 2010 and 2011
6. Little KC Business Plan

This re-review request, the documents submitted with this request, and all materials previously submitted are formal "Presentment" as described and contemplated in the Oil Pollution Act. For purposes of Presentment, Mr. Geraci asks for $475,300.00 to resolve his OPA Claims against BP.

Very truly yours,

Kevin Goldberg