

# The Penton Law Firm

### REPRESENTATION AGREEMENT

THIS AGREEMENT made this <u>15</u> day of <u>February</u>, 2012, between <u>Advanced Chiropractic & Rehabilitation Inc, Dr Luciano</u>; herein referred to as the "Client(s)", and The Penton Law Firm, herein referred to as the "Attorneys".

WHEREFORE, the undersigned parties agree, upon execution of this agreement, as follows:

1. **Scope of Representation:** The Client has this date retained, employed and authorized the Attorneys:

    (a) To prosecute the Client's claims arising out of the April 20, 2010 Deepwater Horizon disaster and BP Oil Spill, to effect a full and final recovery of said claim against the Defendants, BP, et al, by settlement or the prosecution of a legal action, or both, and

    (b) To receive and collect any final recovery that may be realized on the Client's claim and to satisfy the same upon the records of the appropriate court. The words "final recovery" when used anywhere in this Agreement mean the total gross amount of any and all moneys, property, and compensation of any and every kind whatsoever realized or received by the Client for his/her claim, whether realized as the result of settlement or litigation or otherwise; and shall include, but not be limited to, any and all attorney's fee, costs and interest awarded, and

    (c) To deduct and retain Attorneys' fees, out of the proceeds of the final recovery, and to remit the balance, less proper expenses and disbursements, to the Client,

    (d) To pay any outstanding costs directly from the proceeds of any final recovery, and

    (e) To take all steps in this matter deemed by them to be advisable for the investigation and handling of my Claim, including hiring investigators, expert witnesses and/or other Attorneys and filing any legal action necessary; voting on my behalf in any bankruptcy proceeding or class action relevant to the scope of this representation; endorsing (as my agent) my signature and depositing checks made payable to me into the Attorneys' trust account(s) (or its Co-Counsel's trust accounts as it deems appropriate) to process and disburse the proceeds of any recovery on my behalf.

2. **Association with Co-Counsel:** I understand that I am retaining The Penton Law Firm as lead counsel in representing me for my claim. I also have been advised that The Penton Law Firm has associated with Ventura, Ribeiro & Smith as Co-Counsel in "MDL # 2179, IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010," filed in The U. S. District Court, Eastern District of Louisiana. The Penton Law Firm has also associated with Frank Charles Miranda, P.A. as Local Counsel in the State of Florida.

    As part of this association, I understand and agree that the Penton Law Firm, Ventura, Ribeiro & Smith and Frank Charles Miranda, P.A. will share in one legal fee as set forth below. You have hired three separate law firms to represent you; the legal fee charged will be the same as if you have hired

**The Penton Law Firm**
Lead Counsel

**Ventura, Ribeiro & Smith**
Co-Counsel

▶▶▶ **Frank Charles Miranda, P.A.**
Local Counsel

vrslaw.com • 1-800-887-8529

# The Penton Law Firm

one law firm. will receive twenty-five percent of the total fee and The Penton Law Firm and Ventura, Ribeiro & Smith will divide the balance of the fee based upon the percentage of work they perform as set forth in the attached Co-Counsel Agreement. Each law firm and each lawyer working on your case agree to assume joint legal responsibility for the representation and agree to be available for consultation with you. We will apply to the court, if litigation is necessary, for authorization of the fee division set forth herein based upon a sworn petition signed by all counsel and you. The Penton Law Firm will take the lead in presenting claims to the MDL or should an independent law suit be filed. The amount of Fees that I pay will not be increased by Co-Counsel's work in this matter.

The Attorneys may also associate additional Co-Counsel if they believe it advisable or necessary and the Attorneys may divide any Fees with such Co-Counsel on the same basis as set forth herein. If the Attorneys associate with additional Co-Counsel, I will be notified in writing of such Co-Counsel's identity, the Fee share, and the basis for it. If asked, I will give my written consent to the Attorney's choice of such Co-Counsel and the specific Fee division with Co-Counsel. The amount of Fees that I pay will not be increased by the work of Co-Counsel associated to assist with the handling of my claim and such Co-Counsel will be paid by the Attorneys out of the Fees which I pay to them.

3. **Limitations on Representation**: This agreement does not cover any matters for me, any member of my family, or any other person or entity except as specifically set forth above and does not include filing any claims for worker's compensation coverage, or other state or federal claims. It does not cover any appeal taken of any judgment obtained.

4. **Statement of Multidistrict Litigation (MDL) Proceedings**: This case is pending in MDL #2179 as above identified. I understand that the Attorneys shall exercise their independent professional judgment in advising me on the Settlement Class Action and how my claim will be evaluated, and that I retain the absolute right to remain in the class if eligible or to timely "opt out" of the class settlement. I also understand that if I am not satisfied with my claims allocation in the Class Settlement that the Attorneys will represent me as an objector to the Special Master so that I may attempt to increase my claims allocation. If my objection to the allocation is not successful and I need to settle my claim, I may decide to "opt out" of the Class Settlement and pursue litigation directly against the defendants. I understand and agree that the Attorneys may withdraw from my claim should they, in their professional judgment, believe that my claim is not financially and legally feasible and that I may seek substitute counsel at that time. I further agree that I will pay the withdrawing Attorneys for all out of pocket costs incurred on my behalf at that time.

5. **Legal Fees**: The Client agrees to pay the Attorneys, and the Attorneys agree to accept for their legal services in this matter, the greater of either the amount of any attorney's fees awarded or taxed by any Court against the defendants under a prevailing party statute or other statute, or a contingent fee computed from final recovery as follows:

    (a) If my claim is resolved as part of the class settlement process ("opt-in"), the Attorneys' fee will be as follows:

    (i) 25% of any recovery up to $1 million; plus
    (ii) 25% of any portion of the recovery between $ 1 million and $2 million; plus

The Penton Law Firm
Lead Counsel

Ventura, Ribeiro & Smith
Co-Counsel

▶▶▶ Frank Charles Miranda, P.A.
Local Counsel

vrslaw.com • 1-800-887-8529

 The Penton Law Firm

      (iii)   20% of any portion of the recovery exceeding $2 million.

(b) If my claim is resolved after I "opt out" of the class settlement, and object to the class settlement, then the Attorneys' fee will be as follows:

      (i)   33 1/3% of any recovery up to $1 million; plus
      (ii)   20% of any portion of the recovery between $1 million and $2 million; plus
      (iii)   15% of any portion of the recovery exceeding $2 million.

(c) If my claim is resolved after the filing of an answer or the demand for appointment of arbitrators, or if no answer is filed or no demand for appointment of arbitrators is made during the time period provided for such action, the Attorneys' fee will be as follows:

      (i)   40% of any recovery up to $1 million; plus
      (ii)   30% of any portion of the recovery between $1 million and $2 million; plus
      (iii)   20% of any portion of the recovery exceeding $2 million.

(d) If all defendants admit liability at the time of filing their initial answers and request a trial only on damages (i.e. the trial is only on the issue of the amount or extent of the loss or the extent of injury suffered by the client):

      (i)   33 1/3% of any recovery up to $1 million; plus
      (ii)   20% of any portion of the recovery between $1 million and $2 million;
      (iii)   15% of any portion of the recovery exceeding $2 million.

In addition to the contingency fees noted above, an additional 5% of any gross recovery will be charged as an additional Attorneys' fee if any appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment.

In the event that a court-awarded fee is collected which exceeds the percentages as set forth above, the court-awarded fee shall apply in lieu of the above amounts. This employment is upon a contingent fee basis and unless a recovery is made there will be no obligation by the Client to pay Attorneys' fees to the firm.

6. **Costs and Expenses:** Costs and expenses incurred in the preparation, trial and appeals of this matter, will be repaid from the Client's share of the final recovery. The Attorney may procure financing for all or part of the costs, and the Client agrees to pay, from the Client's share of the final recovery, all funds necessary to procure said costs. IF THERE IS NO RECOVERY, THE CLIENT WILL NOT BE OBLIGATED FOR ANY ATTORNEYS FEES OR COSTS.

Costs shall include, but not be limited to, cash and non-cash expenditures for: (1) filing fees; (2) subpoenas; (3) court reporting services; (4) depositions; (5) witness fees; (6) in-house and outside investigation services; (7) expert witness fees; (8) medical records and reports; (9) Lexis/Nexis/Westlaw and other computer research and on-line service costs; (10) photographs; (11) in-house and outside photocopies; (12) facsimiles; (13) long-distance telephone calls; (14) postage,

The Penton Law Firm
Lead Counsel

Ventura, Ribeiro & Smith
Co-Counsel

▶▶▶ Frank Charles Miranda, P.A.
Local Counsel

vrslaw.com • 1-800-887-8529

 The Penton Law Firm

federal express, UPS, and other overnight service charges; (15) mediation fees; (16) travel costs, business class airfare, air charter, mileage, rental cars, lodging, meals, and related expenses; (17) in-house and outside trial exhibits; (18) in-house and outside multi-media services; (19) outside legal fees and costs for estate, guardianship, bankruptcy and probate matters; (20) MDL assessments; and (21) all other costs necessary for performance of legal services, including actual bank charges and interest in connection with the financing of the costs associated with this case pursuant to Florida law.

In addition to the above listed individual costs, the firm also charges common benefit costs to Clients in cases where our firm represents multiple Clients in similar litigation. Common benefit costs are costs expended by the firm for the common benefit of a group of Clients. These costs are spread among the entire group of Clients, regardless of whether a Client retained our services early in the litigation process or late in the litigation process and regardless of whether the costs were incurred before or after the Client retained our services.

It may also be necessary to hire a claims administrator to assist in the claims review and allocation process. Client understands and acknowledges that the expense of any such service shall also be treated as a case expense and deducted from our net recovery and shall not be paid out of the Attorneys' contingent fee in this matter.

7. **Hold Harmless:** The Client agrees to pay and to reimburse and save the Attorneys harmless from any and all costs, disbursements and expenses incurred or deemed necessary by the Attorneys handling the Client's case. The Attorneys may advance costs and expenses on behalf of the Client, at his sole discretion, and the exercise of such discretion shall not be ground for dismissal for cause.

8. **No Guarantees Made:** The Client agrees that the Attorney has given no guarantees regarding the successful termination of the Client's claim or cause of action and that all expressions by the attorney relative to the Client's claim are only matters of his opinion given in good faith.

9. **Attorney's Lien:** The Attorney shall have a general lien, in addition to a statutory lien, upon the Client's cause of action, claim or counterclaim, which shall attach to any final recovery in the Client's favor, and to the proceeds thereof in whatever hands they may come.

10. **Entire Agreement:** This Agreement contains the entire understanding between the parties and shall be binding upon the heirs, executors, administrators, successors and assigns of each of the parties hereto. Further, this agreement shall be governed by Florida law.

11. **Solicitation:** Client acknowledges that solicitation is against the laws of Louisiana, Florida and other states. Client acknowledges that Client has not been solicited in any way by either The Attorneys, or any representative thereof.

12. **Multi-jurisdictional Practice:** The Florida Rules of Professional Conduct require notice to the Client that certain lawyers employed by the Penton Law Firm, and lawyers employed by Ventura, Ribeiro and Smith, are not licensed to practice in the State of Florida, but are licensed to practice law in The United States District Court for the Eastern District of Louisiana, in which MDL2179 is pending. All

The Penton Law Firm
Lead Counsel

Ventura, Ribeiro & Smith
Co-Counsel

▶▶▶ Frank Charles Miranda, P.A.
Local Counsel

vrslaw.com • 1-800-887-8529

 The Penton Law Firm

of the lawyers employed by Frank Charles Miranda, P.A. are licensed in the State of Florida. Attorney Daniel B. Snellings, employed by the Penton Law Firm, is licensed in the State of Florida.

13. **Conflict of Laws:** The objective and intent of The Attorneys is to conduct all of their business and provide representation to any Client from any state in compliance with the applicable law. If any provision of this contingency fee agreement in any way does not comply with the law or ethics of the state in which the Client resides, then this contract shall be modified to comply with the law of the state in which the Client resides.

14. **Tax Matters:** The Clients understand that there may be tax consequences with respect to any amounts the Clients may recover on their claim, but that The Attorneys are not being retained by the Clients to render, and will not render, any tax advice regarding the tax treatment and reporting of any settlement or recovery related to the Clients' claim or the legal fees and costs incurred by the Clients with respect to the Clients' claims. Accordingly, the Clients will seek tax advice from other legal or accounting tax professionals selected by the Clients in their sole discretion. If any part of the amounts recovered on the Clients' claim is taxable to the Clients, the Clients will be solely responsible for reporting to the appropriate tax authorities, and for paying, all taxes on such amounts. In no event shall The Attorneys have any responsibility to report or pay any such taxes owed by the Clients.

15. **Legal Construction:** In case any provision, or any portion of any provision, contained in this Agreement shall for any reason be held to be invalid, illegal and/or unenforceable in any respect, such invalidity, illegality and/or unenforceability shall not affect the validity and/or enforceability of any other provision or portion thereof, and this Agreement shall be construed as if such invalid, illegal and/or unenforceable provision or portion thereof was never contained herein.

16. **Statement of Client's Rights:** The undersigned client has, before signing this contract, received and read the statement of client's rights and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

17. **3 Day Right to Cancel:** This contract may be cancelled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client.

The Penton Law Firm
Lead Counsel

Ventura, Ribeiro & Smith
Co-Counsel

▶▶▶ Frank Charles Miranda, P.A.
Local Counsel

vrslaw.com • 1-800-887-8529

 The Penton Law Firm

## ACKNOWLEDGEMENT

The undersigned client has, before signing this contract, received and read The Statement of Client's Rights and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned Attorneys.

By signing hereunder, I acknowledged that I have read and understand this agreement in its entirety, and agree therewith:

**CLIENT:** CHRISTOPHER R. WILLIAMS

**Address:** 13813 WEST HILLSBOROUGH AVE, TAMPA, FL 33635
**Telephone:** 813-925-1700
**Fax:** 813-925-1744
**Email:** drchristopherwilliams@msn.com

**Signature:** _____  Date

**ATTORNEYS:**

_____   6-17-13
The Penton Law Firm      Date

_____   6/3/13
Ventura, Ribeiro & Smith   Date

_____   5/28/13
Frank Charles Miranda, P.A.   Date

The Penton Law Firm
Lead Counsel

Ventura, Ribeiro & Smith
Co-Counsel

▶▶▶ Frank Charles Miranda, P.A.
Local Counsel

vrslaw.com • 1-800-887-8529



# The Penton Law Firm

## STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer, you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason, if you notify your lawyer, in writing, within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days, you do not owe the lawyer a fee, although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with the cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing, if you request it.

4. Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with another lawyer or to associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future, necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know, periodically, how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting

**The Penton Law Firm**
Lead Counsel

**Ventura, Ribeiro & Smith**
Co-Counsel

▶▶▶ **Frank Charles Miranda, P.A.**
Local Counsel

vrslaw.com • 1-800-887-8529

 The Penton Law Firm

with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered, minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences, if you lost the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs, and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign the closing statement.

9. You, the client, have the right to ask your lawyer, at reasonable intervals, how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated, and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

If, at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report the matter to the Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach the Florida Bar, call 1-800-342-8060, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court, and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit.

**ACKNOWLEDGEMENT**

_____        7-16-1)
Client                          Date

_____        6-17-13
The Penton Law Firm             Date

_____        6/3/13
Ventura, Ribeiro & Smith        Date

_____        5/28/13
Frank Charles Miranda, P.A.     Date

The Penton Law Firm
Lead Counsel

Ventura, Ribeiro & Smith
Co-Counsel

▶▶▶ Frank Charles Miranda, P.A.
Local Counsel

vrslaw.com • 1-800-887-8529