# IN RE: OIL SPILL by "Deepwater Horizon"
# DIRECT FILING SHORT FORM[1]

Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982
(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)

| MDL 2179 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

**CLAIM IN LIMITATION – JOINDER IN MASTER ANSWER – INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE FORM**

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Bailey | William | | |

| Phone Number | E-Mail Address |
|---|---|
| (615) 636-2839 | bill.bailey@georgeshinn.com |

| Address | City / State / Zip |
|---|---|
| 725 Cool Springs Road, Suite 600 | Nashville TN 37067 |

**INDIVIDUAL CLAIM** ☐       **BUSINESS CLAIM** ☑

| Employer Name | Business Name |
|---|---|
| | Shinn Holdings LLC and Shinn Management LLC |

| Job Title / Description | Type of Business |
|---|---|
| | Entertainment |

| Address | Address |
|---|---|
| | 725 Cool Springs Road, Suite 600 |

| City / State / Zip | City / State / Zip |
|---|---|
| | Nashville TN |

| Last 4 digits of your Social Security Number | Last 4 digits of your Tax ID Number |
|---|---|
| | 6633 |

| Attorney Name | Firm Name |
|---|---|
| Michael P. Arata | Law Offices of Michael P. Arata |

| Address | City / State / Zip |
|---|---|
| 935 Gravier Street, Suite 1850 | New Orleans, La 70130 |

| Phone Number | E-Mail Address |
|---|---|
| (504) 220-4599 | |

Claim filed with BP?  YES ☑  NO ☐       Claim Filed with GCCF?:  YES ☐  NO ☐

If yes, BP Claim No.:       If yes, Claimant Identification No.:

**Claim Type (Please check all that apply):**
- ☑ Damage or destruction to real or personal property
- ☑ Earnings/Profit Loss
- ☐ Personal Injury/Death
- ☐ Fear of Future Injury and/or Medical Monitoring
- ☐ Loss of Subsistence use of Natural Resources
- ☐ Removal and/or clean-up costs
- ☐ Other: _____

---

[1] This form should be filed with the U.S. District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

1

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Brief Description:**

1. For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred; For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

See Exhibit "A"

2. For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

3. For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

| | | |
|---|---|---|
| **Please check the box(es) below that you think apply to you and your claims:** | | |
| **Non-governmental Economic Loss and Property Damage Claims (Bundle B1)** | | |
| ☐ | 1. | Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering. |
| ☐ | 2. | Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof. |
| ☐ | 3. | Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico. |
| ☑ | 4. | Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof. |
| ☐ | 5. | Recreational sport fishermen, recreational diver, beachgoer, or recreational boater. |
| ☐ | 6. | Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator. |
| ☐ | 7 | Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds. |
| ☐ | 8. | Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry. |
| ☑ | 9. | Bank, financial institution, or retail business that suffered losses as a result of the spill. |
| ☐ | 10. | Person who utilizes natural resources for subsistence. |
| ☐ | 11. | Other: |

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

| | | |
|---|---|---|
| ☐ | 1. | Boat captain or crew involved in the Vessels of Opportunity program. |
| ☐ | 2. | Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants. |
| ☐ | 3. | Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities. |
| ☐ | 4. | Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones. |
| ☐ | 5. | Resident who lives or works in close proximity to coastal waters. |
| ☐ | 6. | Other: |

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_/s/_
Claimant or Attorney Signature

Blake G. Arata, Jr.
Print Name

10/3/2013
Date

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

# EXHIBIT A

## BRIEF DESCRIPTION OF THE CLAIMS OF

## SHINN MANAGEMENT LLC AND SHINN HOLDINGS LLC

Shinn Management LLC and Shinn Holdings LLC, are Louisiana Limited Liability Corporations, established on December 22, 2004 and at all times pertinent to this claim conducted operations in Orleans and Jefferson Parish, Louisiana (and they shall be collectively referred to hereinafter as "Claimants"). Claimants sustained substantial and immediate damages arising from and relating to the April 20, 2010 Deepwater Horizon explosion, the resulting spill, contamination of the Gulf Coast region and the resulting suspension and diminution of business activity in the Gulf of Mexico (hereinafter referred to as the "DWH Incident") that have continued to this day.

Prior to the DWH Incident, Claimants owned 65% of the New Orleans Hornets NBA Limited Partnership ("Hornets Partnership") which owned and operated the New Orleans Hornets NBA Basketball Team ("Team"). Shinn Management LLC was the General Partner and owned 1% of the Hornets Partnership and Shinn Holdings LLC was a Limited Partner and owned 64% of the Hornets Partnership. Claimants or their affiliated entities had owned all or a controlling interest in the Hornets basketball team since 1987.

In the regular course of business, appraisals were conducted for the purpose of valuing the Team, and the most recent appraisal of the team prior to the conducted in 2009 the 64% limited partnership interest was valued at $122,000,000 meaning that each percentage share of the Hornets Partnership was valued as at least $1,877,000 and the total value of the ownership interest of the Claimants was at least $123,877,000.

Professional Sports Teams, particularly those in the National Basketball Association are financially dependent upon the business to business revenue received from Premium Seating, i.e., Floor and Club Seating, Suite Rental and catering. Given the size of the market and the relatively small value of other revenue sources such as local TV contracts for broadcasting games, the Claimants needed the support of a viable business community. The DWH Incident deprived the Team of that support at a crucial time for its owners.

In early 2010, prior to the DWH Incident, the determination was made that the Claimants would sell their interest in the Hornets Partnership and the

potential sale attracted a number of investors. However, no deal was reached in the brief period before the DWH Incident and after the DWH Incident, investors projected little or no interest in the purchase of the Claimants' ownership interest in the Hornets Partnership.

Because of the inability of the Claimants to sell their interest in the Hornets Partnership or to continue to manage the Team in the economic climate resulting from the DWH Incident and its continuing effects, the National Basketball Association purchased the Claimants' ownership interest in the Hornets Partnership in December 2010, eight months after the DWH Incident, for $105,000,000, an at least $18,877,000 reduction in price from the appraised market value of the Claimants' interest in the Hornets Partnership. This amount of $18,877,000 represents the sum certain required by the relevant statutory provisions of the Act and is the amount demanded for payment by the Claimants in their letter to BP dated May 22, 2013, more than ninety (90) days ago.

Since receipt of the demand letter, BP has at all times acted in bad faith, including referring Claimants to the Settlement Process it now renounces and which has no formula for capturing Claimants' losses. BP otherwise refused to acknowledge or respond to Claimants' letter of May 22, 2013 or Claimants' subsequent letter of June 3, 2013 to BP requesting settlement discussions required by the OPA.

Because of BP's wanton tortious conduct, Claimants are entitled to recovery of the damages detailed above, and for all other damages foreseeable and unforeseeable, and to treble or other penalty damages or interest, attorneys' fees and costs awarded under the Act, or other applicable Admiralty, Federal, State or Common Law for the losses sustained by Claimants.